**Dennis K. BROWN, Appellant,**

v.

**HY–VEE FOOD STORES, INC., Appellee.**

No. 85–1082.

Supreme Court of Iowa.

June 17, 1987.

Rehearing Denied July 20, 1987.

Steven C. Jayne, Des Moines, for appellant.

Lloyd E. Keith and Kenneth L. Keith of Dull, Keith, Beaver & Orsborn, Ottumwa, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

The question is whether an injured worker qualifies as a "disabled person" under the Iowa civil rights Act. The trial court found he did not and we affirm.

Plaintiff Dennis K. Brown was employed by defendant stores as a truck driver and injured his back while on the job on January 19, 1980. He returned to work in October and reinjured his back, again on the job, the following month. After six months of treatment Brown was released for return to work.

When Brown did so the store's insurer requested and obtained a second medical opinion on his condition. Brown was found to have "a lumbar disc injury," and was directed to do only light work. He was ordered not to lift more than twenty-five pounds and to avoid excessive bending, stooping, and twisting.

In time Brown's medical experts thought his condition improved. Following an examination on December 15, 1980, his lifting restriction was raised to seventy-five pounds. Follow-up examinations in March and April 1982 again demonstrated no degeneration and even a slight improvement

in Brown's condition. The doctor then raised Brown's lifting restrictions to one hundred pounds occasionally, with no repetitive lifting of over fifty pounds.

Between November 1980 and December 1982 defendant stores, through its insurer, paid Brown's medical care expenses, $274.94 per week and a commutation settlement of approximately $27,000. Brown also received nearly $20,000 in workers compensation benefits.

On January 7, 1982, Brown received a letter from defendant stores terminating his employment effective January 12, 1982, because the company lacked work which could accommodate his restrictions. The company later admitted Brown's termination was based not only upon his claimed physical limitations as a truck driver but also upon fears that he might harm himself or others if permitted to drive. A representative of the store testified neither he nor the store believed Brown was disabled or handicapped by his November 1980 injury. In fact he believed Brown was physically capable of performing in August 1981 but thought Brown simply did not want to return to work as a truck driver.

In May 1982 Brown filed a complaint against defendant stores with the Iowa civil rights commission, alleging discriminatory employment practices in connection with his termination. After obtaining an administrative release Brown filed this action in district court. His theory of recovery was that the employer violated his civil rights by discriminating against him, a "disabled person," in employment.

Upon submission the trial court dismissed the suit, finding Brown was not a disabled person within the meaning of Iowa Code chapter 601A (1981). This appeal followed. Although he assigns a number of errors on appeal, Brown's failure to qualify under the Act is controlling.

■ I. It is an "unfair or discriminatory practice" for any person to discharge or discriminate against any employee or applicant for employment on the basis of disability, unless the discrimination is "based upon the nature of the occupation." Iowa Code § 601A.6(1)(a). To obtain relief under the Act complainants must first demonstrate they belong to a group the statute protects. *Iowa State Fairgrounds Sec. v. Iowa Civil Rights Comm'n,* 322 N.W.2d 293, 296 (Iowa 1982); *see also Foods, Inc. v. Iowa Civil Rights Comm'n,* 318 N.W.2d 162, 167 (Iowa 1982).[1]

There is a well-established limitation on the amount of accommodation that can be demanded of an employer of a handicapped person. Under the civil rights Act

reasonable accommodation must be made by an employer only if it does not substantially impinge on the rights of other employees or incur more than a de minimus cost to the employer.

*Frank v. Am. Freight Sys., Inc.,* 398 N.W.2d 797, 803 (Iowa 1987); *King v. Iowa Civil Rights Comm'n,* 334 N.W.2d 598, 604 (Iowa 1983).

■ Brown contends his physical impairment qualifies as serious enough to bring him within the ambit of the civil rights Act, but is not so serious as to place him beyond the need for reasonable accommodation by his employer. He has selected a small target, if indeed one exists at all. We agree with the trial court's view that Brown's injuries fall short of qualifying him for the protection he seeks under the Act.

The challenged ruling noted:

That the plaintiff, Dennis K. Brown, does not fit within the definition of a "substantially handicapped person...." Not only does the plaintiff, Dennis K. Brown, not have an impairment which substantially limits any major life activity, he has no record of such an impairment, nor was he regarded by Hy-Vee

---

**1.** There are three additional showings required of a complainant:

(2) that [the complainant] was qualified for the job from which he was discharged, (3) that, despite his qualifications, [the complainant] was terminated, and (4) that, after his

termination, the employer hired a person not in complainant's protected class or retained persons with comparable or lesser qualifications who are not in the protected group. *Iowa State Fairgrounds Sec.,* 322 N.W.2d at 296.

Food Stores, Inc., defendant herein, nor by their officers or agents, as having such an impairment.... Dennis K. Brown was not a "disabled person" as contemplated by the provisions of chapter 601A, or the regulations promulgated thereunder....

There was substantial evidence to support the trial court's view that Brown was not handicapped by his injury. Testimony at trial indicated, even after his November 1980 disc injury, Brown engaged in farming chores, heavy lifting, coaching little league baseball, and wood cutting. Neither Brown nor his employer perceived or regarded the injury as a substantial handicap. Indeed, several employees and agents of the employer testified they believed from the outset Brown's problem was that he had been untruthful about the nature of his injuries, falsely characterizing his ability to return to his job as a truck driver in order to maximize his workers' compensation claim.

Under Iowa Code section 601A.2(11), the term "disability," as used in the Act, means:

> [T]he physical or mental condition of a person which constitutes a substantial handicap. In reference to employment, under this chapter, "disability" also means the physical or mental condition of a person which constitutes a substantial handicap, but is unrelated to such person's ability to engage in a particular occupation.

A "disability" is protected under this definition "when it does not prevent the individual from performing the job in a reasonably competent and satisfactory manner." *Consol. Freightways, Inc. v. Cedar Rapids Civil Rights Comm'n,* 366 N.W.2d 522, 526 (Iowa 1985).

According to regulations adopted by the commission, a "substantially handicapped person" is one who has a physical or mental impairment[2] which substantially limits one or more major life activities,[3] has a record of such an impairment, or is regarded as having such an impairment. 240 Iowa Admin. Code 6.1(1). *See also Sommers v. Iowa Civil Rights Comm'n,* 337 N.W.2d 470, 476 (Iowa 1983) (A physical impairment is a substantial handicap if it has an inherent propensity to limit one or more of an individual's major life activities independently of the perceptions of others.). A person who "has a record of such an impairment" is one who has been "misclassified as having a mental or physical impairment that substantially limits one or more major life activities"; 240 Iowa Admin. Code 6.1(4), while, those "regarded as having an impairment" have:

> [A] physical or mental impairment that does not substantially limit major life activities but that is perceived as constituting such a limitation; ... a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or, ... none of the impairments defined to be "physical or mental impairments," but ... perceived as having such an impairment.

240 Iowa Admin. Code 6.1(5).

The civil rights Act and its rules were designed to protect only "qualified handicapped employees." *See* Nichols, *Iowa's Law Prohibiting Disability Discrimination in Employment: An Overview,* 32 Drake L.Rev. 273, 277 (1982–83). Brown simply does not belong to this class.

AFFIRMED.

---

**2.** A physical impairment is "[a]ny physiological ... condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: Neurological; musculoskeletal; special sense organs...." 240 Iowa Admin. Code 6.1(2)(a).

**3.** "Major life activities" include "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *See* 240 Iowa Admin. Code 6.1(3).