Richard **DAVENPORT II**, Appellant,

v.

**CITY OF DES MOINES**, Appellee.

No. 88–71.

Supreme Court of Iowa.

Oct. 19, 1988.

Joseph B. Joyce and Michael J. Burdette, Des Moines, for appellant.

Nelda Barrow Mickle, City Sol., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Richard Davenport II, the plaintiff in a wrongful discharge action against the City of Des Moines (the city), appeals from an adverse judgment following a bench trial. He contends that the evidence presented was sufficient to establish his claims against the city on the basis of both (1) a retaliatory discharge for filing a workers' compensation claim, and (2) a discharge which constitutes disability discrimination under Iowa Code section 601A.6 (1987). We conclude that plaintiff has failed to show he is entitled to recover on these claims as a matter of law; and because the district court found against him on the facts, we affirm the judgment of that court.

Plaintiff was employed by the city in a series of employment positions from May 1979 to January 3, 1986. Throughout this period of employment, he was designated as a "casual employee." Under policies adopted by the city, those employed in casual positions are hired for 120–day periods at the end of which the employment may be renewed for one or more additional 120–day periods. During the period of time from 1979 until 1986, there were several gaps which existed between the periods in which plaintiff was employed with the city.

Plaintiff's most recent casual employment with the city was in the position of a casual guard. Such employment existed from February 1980 to December 1980, from March 1981 to December 1981, and from April 1982 to January 1986.

On May 27, 1983, while engaged in his employment activities as a casual guard, plaintiff was injured when another vehicle collided with a truck he was operating. As a result of injuries received from this collision, plaintiff incurred dizziness, and headaches and, in addition, experienced periods of blacking out or fainting. This was treated as a work-related injury, and plaintiff received substantial workers' compensation benefits as a result of this disability.

In July 1984, plaintiff attempted to return to work as a casual guard and, while operating a city vehicle, suffered a blackout. As a consequence, the vehicle he was operating collided with another city vehicle. As a result of an investigation of this incident, plaintiff's driving privileges were suspended on medical grounds by the Iowa Department of Transportation.

Following the July 1984 accident, plaintiff was unable to resume his duties and continued to receive workers' compensation benefits. His 120–day casual employment periods were renewed during this period of inactivity. On January 3, 1986, he was released by his physician to return to his employment. At about this same time, plaintiff was advised by personnel representatives of the city that when his current 120–day casual employment period ended it would not be renewed. On February 1, 1986, he received a personnel action form stating that the cause of his impending separation from employment was "end of 120–day appointment and employee's inability to perform work as a casual guard due to suspension of Iowa Driver's License."

At the time plaintiff's employment terminated, representatives of the city advised him that he could apply for another job with the city which did not require a driver's license but that he would be in the same position as any other new applicant. Two months later, when plaintiff advised the city that his driver's license had been restored by the Iowa Department of Transportation, he was told that he could apply for any available employment position with the city and would be treated the same as any other applicant.

Plaintiff filed a disability discrimination complaint with the Iowa Civil Rights Commission. In July 1986, the commission issued an administrative release and right-to-sue letter. This action was commenced by plaintiff on July 31, 1986, alleging, in addition to his disability discrimination complaint under section 601A.6, that he was a victim of a retaliatory discharge for having pursued a workers' compensation claim. Other facts which bear on our decision in this matter will be discussed in connection with our review of the legal issues presented.

## I. *The Retaliatory Discharge Claim.*

██ Both the district court's decision and the briefs of the parties on appeal antedate our decision on retaliatory discharge in *Springer v. Weeks & Leo Co.,* 429 N.W.2d 558 (Iowa 1988). Plaintiff, in apparent anticipation of that decision, has argued that under Iowa law an employee who has been discharged as a result of filing a workers' compensation claim has a cause of action for damages against the employer.

Notwithstanding the legal principle established in *Springer,* we must reject plaintiff's claim in the present case. The district court found on clear and uncontradicted evidence that the basis for the termination of plaintiff's employment was the loss of his driver's license, a circumstance which prevented him from performing one of the requirements of his historic job description. That finding, based on substantial evidence in the record, is binding on us and precludes recovery on the retaliatory discharge claim. *Abrisz v. Pulley Freight Lines,* 270 N.W.2d 454, 456 (Iowa 1978); Iowa R.App.P. 14(f)(1).

## II. *The Disability Discrimination Claim.*

██ We next consider plaintiff's claim that the district court erred in denying recovery on his disability discrimination claim. Because it appears without dispute that driving had been a requirement of the casual guard position throughout plaintiff's employment in that capacity, he does not seriously dispute that his inability to drive

for medical reasons was a physical impairment affecting his ability to perform on the job. Rather, he contends that the city was required and failed to make a reasonable accommodation for his disability as required by 240 Iowa Administrative Code section 6.2(6) (now contained in 161 Iowa Admin.Code § 8.27(6)). That administrative rule states:

"Reasonable accommodation. An employer shall make reasonable accommodation to the known physical or mental limitations of an otherwise qualified handicapped applicant or employee unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its program.

a. Reasonable accommodation may include:

(1) Making facilities used by employees readily accessible to and usable by handicapped persons, and

(2) Job restructuring, part-time or modified work schedules, acquisition or modification of equipment or devices, the provision of readers or interpreters, and other similar actions.

b. In determining pursuant to the first paragraph of this subrule whether an accommodation would impose an undue hardship on the operation of an employer's program, factors to be considered include:

(1) The overall size of the employer's program with respect to number of employees, number and type of facilities, and size of budget;

(2) The type of the employer's operation, including the composition and structure of the employer's workforce [sic]; and

(3) The nature and cost of the accommodation needed.

c. An employer may not deny any employment opportunity to a qualified handicapped employee or applicant if the basis for the denial is the need to make reasonable accommodation to the physi-

cal or mental limitations of the employee or applicant.

*Id.*

The district court, although recognizing the existence of these rules, found that the city had not violated them. Its finding of fact on this issue was as follows:

[T]he Court concludes that the employer did, under the circumstances, reasonably accommodate the employee's disability. The Court does not believe the City could have accommodated the employee in the same position because he could not perform that same position since it required driving. The City was not in a position to transfer the Petitioner to another job because the jobs available with the City either had to be secured through civil service procedure or by bidding due to collective bargaining agreements. The City did extend an offer on two occasions for the Petitioner to apply for jobs with the City through the normal course of application as required of any other employees and that opportunity was declined by the Petitioner. The employer has met its duty to produce evidence of reasonable accommodation.

In evaluating the legal effect of this finding under the applicable law, we take note of our previous statements that under the Iowa Civil Rights Act

reasonable accommodation must be made by an employer only if it does not substantially impinge on the rights of other employees or incur more than a de minimus cost to the employer.

*Brown v. Hy–Vee Food Stores,* 407 N.W.2d 598, 599 (Iowa 1987); *Frank v. American Freight Sys.,* 398 N.W.2d 797, 803 (Iowa 1987). As a result of the district court's finding of fact, the plaintiff may not prevail in this law action unless his evidence establishes the city's failure to make a reasonable accommodation as a matter of law. *Ellwood v. Mid States Commodities,* 404 N.W.2d 174, 179 (Iowa 1987); *Roland A. Wilson & Assocs. v. Forty–O–Four Grand Corp.,* 246 N.W.2d 922, 925 (Iowa 1976). Based on our review of the evidence, we cannot conclude that such failure on the part of the city was established as a matter

of law. Consequently, we affirm the judgment of the district court.

AFFIRMED.