Keith GULBRANSON, Appellee,

v.

**DULUTH, MISSABE AND IRON RANGE RAILWAY COMPANY,**
Appellant.

No. 89–5592.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1990.

Decided Dec. 4, 1990.

Eric Magnuson, Minneapolis, Minn., for appellant.

Dennis Cochran, Superior, Wis., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Duluth, Missabe and Iron Range Railway Company (Railway), appeals from a final judgment entered in the district court upon a jury verdict finding that the Railway failed to provide employee Keith Gulbranson with a reasonably safe place to work as required under the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51-60. The Railway raises the following points in support of reversal: (1) insufficiency of the evidence; (2) error in admitting minutes of a safety committee meeting into evidence; and (3) irreconcilable jury verdict. We conclude that the district court committed prejudicial error in admitting the minutes and therefore reverse and remand for a new trial on this ground. We reject the Railway's remaining contentions for the reasons discussed below.

I. BACKGROUND

Gulbranson was employed by the Railway as a car inspector. He was a member of the railroad car department, which is responsible for the upkeep and maintenance of railroad cars. One of Gulbranson's responsibilities as a car inspector was to oil the journal bearings on railroad cars, some of which were used to transport taconite pellets.

On July 20, 1984, while oiling the journal bearing on a railroad car, Gulbranson fell and injured his back. Subsequently, Gulbranson brought this suit under FELA, claiming that the Railway had failed to provide a reasonably safe workplace. In particular, Gulbranson alleged that his fall was caused by stepping on taconite pellets and that the Railway was negligent in allowing the taconite pellet spillage from the railroad cars to remain on the ground. The Railway disputed the existence of the pellets on the ground and the permanency of the injury, and claimed contributory negligence and a failure to mitigate damages.

The jury returned a verdict in favor of Gulbranson in the amount of $228,500.

The Railway brought post-trial motions for judgment notwithstanding the verdict or, in the alternative, a remittitur or a new trial. The district court denied all of the motions. This appeal followed.

II. DISCUSSION

A. Sufficiency of the Evidence

 The Railway first argues that the district court erred in denying its motion for judgment notwithstanding the verdict (j.n.o.v.). The standard for granting a j.n. o.v. is whether there is sufficient evidence to support the jury verdict. The decision of the district court is subject to de novo review. In deciding whether to grant a motion for a j.n.o.v., the district court, as well as the appellate court, must view the evidence in the light most favorable to the prevailing party. *Brooks v. Woodline Motor Freight, Inc.,* 852 F.2d 1061, 1063 (8th Cir.1988). Like a directed verdict, j.n.o.v. should be granted only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the non-moving party. *Id.*

 Applying this standard to the record before us, we conclude that the evidence is sufficient to support the jury's verdict. Accordingly, the district court properly denied the Railway's motion for j.n.o.v.

B. Safety Committee Meeting Minutes

The Railway next argues that the district court erred in admitting minutes of a meeting of the Railway car department safety committee. The Railway claims that Gulbranson failed to lay a proper foundation to establish the admissibility of the evidence under exceptions to the hearsay rule and, in any event, that the minutes were irrelevant. We agree.

The safety committee was comprised of car department union employees. Their meeting occurred on April 10, 1985, and the minutes from the meeting were recorded April 16, 1985. The crucial language in the minutes read as follows: "L.J. Hall and B.A. Chesney accidents were caused by slipping and falling related to ice and/or pellets on the ground. Pellets are a con-

tinuing problem which seem to defy solution." Over the Railway's objection, the district court ruled that the minutes constituted an admission by the Railway and admitted them into evidence.

■ Under Fed.R.Evid. 801(d)(2), a statement is not hearsay if it "is offered against a party and is ... (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." This rule requires the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment. *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986); *see also Tallarico v. Trans World Airlines, Inc.*, 881 F.2d 566, 572 (8th Cir. 1989).

■ Here, the record is devoid of the necessary foundational evidence. The record reflects that Gulbranson sought the admission of the minutes during a side-bar conference at the close of his case. No witnesses were called to establish that the statements in the minutes were statements by the Railway's agents within the scope of their employment. Moreover, the minutes fail to identify the speaker or speakers of the particular statements at issue. Thus, Gulbranson failed to establish a proper foundation for admitting the minutes as an admission of a party, and the district court erred in admitting the minutes as such.

■ Gulbranson responds that the district court nevertheless had discretion to admit the minutes because the statements contained in the minutes were not hearsay. According to Gulbranson, the statements were not offered to prove the truth of the matter asserted, but rather to establish that the Railway had knowledge of the pellet problem. *See* Fed.R.Evid. 801(c). However, Gulbranson's counsel's own closing arguments elucidate the fallacy of this position:

If they did such a good job, why did they talk about it at safety meetings? Exhibit 14 [the minutes]—this is the first and most damaging thing, they can hide behind testimony from witnesses that say it was nice out there and perfect and wonderful, but they said at their own safety meetings that it was a continuing problem.

Tr. at Vol. IV, p. 44.

Clearly, counsel is arguing "the truth of the matter asserted" in the minutes. Fed. R.Evid. 801(c).

■ Additionally, the minutes were inadmissible because they were irrelevant. *See* Fed.R.Evid. 401, 402. Under Fed.R.Evid. 401, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Here, the minutes have no tendency to make the existence of any fact that is of consequence more or less probable because the evidence is *too remote in time from the date of the accident. See Tallarico*, 881 F.2d at 572. The accident occurred on July 20, 1984, while the minutes recorded a meeting held on April 10, 1985, some eight to nine months later.[1] The fact that the Railway may have been aware of a continuing problem in April of 1985, is not probative of its knowledge in July of 1984. Moreover, Gulbranson offered no evidence to establish that the reference to a continuing problem related back to the date of the accident.

■ Having concluded that the minutes were inadmissible, we must determine whether the admission of the minutes constituted prejudicial error, warranting a new trial. We believe it did. The evidence of negligence was not so overwhelming that we can conclude that the same verdict would almost necessarily follow absent the erroneous admission of the minutes. *See Parshall v. Minneapolis & St. L. Ry. Co.*,

---

1. Additionally, both of the accidents referred to in the minutes occurred long after Gulbranson's accident and under different circumstances. Hall's accident occurred on February 25, 1985, and Chesney's accident occurred on March 20, 1985.

35 F. 649, 651 (8th Cir.1888), *aff'd mem.* 154 U.S. 510, 14 S.Ct. 1149, 38 L.Ed. 1074 (1893). Furthermore, the closing argument of Gulbranson's counsel highlighted the statements in the minutes and suggested that they amounted to strong evidence of the Railway's negligence-evidence warranting more credibility than the live testimony of the witnesses.

C. Jury Verdict

Finally, the Railway argues that the district court erred in accepting the jury's verdict because the verdict is irreconcilable and perverse. In view of our reversal on the evidentiary issue, any subsequent retrial will render this point moot. We therefore do not address it further.

III. CONCLUSION

The erroneous admission of the minutes of the safety committee meeting constituted prejudicial error. Accordingly, the judgment of the district court is reversed, and the case is remanded to the district court for a new trial. The Railway's remaining contentions were either properly denied or were moot.