Lynette CLAREY, Appellee,

v.

K–PRODUCTS, INC., Appellant.

No. 92–1305.

Supreme Court of Iowa.

April 20, 1994.

James D. Loerts, Robert V. Dwyer, Jr., and Edward F. Pohren of Dwyer, Pohren, Wood, Heavey, Grimm, Goodall & Lazer, Omaha, NE, and Kermit L. Dunahoo, Des Moines, for appellant.

Stanley E. Munger and Irene A. Schrunk of Munger & Reinschmidt, Sioux City, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

LARSON, Justice.

Lynette Clarey was discharged from her job with K–Products, Inc. and brought this action for wrongful termination. The jury awarded her substantial damages, and this appeal and cross-appeal followed. We affirm on both appeals.

Clarey injured her neck on the job and was unable to work for a time. When she attempted to return, the company physician (who was also her personal physician) instructed her to stay away because the injury had not completely healed. He diagnosed Clarey's injury as torticollis, which is a muscle spasm in the back of the neck.

K–Products terminated Clarey's employment while she was receiving healing-period

workers' compensation benefits. Clarey sued K–Products, claiming in part that the termination was in retaliation for her seeking workers' compensation benefits. (Two other theories were rejected by the trial court, which submitted only the retaliatory discharge issue.)

The jury returned a verdict in Clarey's favor, awarding her $34,146 for loss of past wages, $80,000 for the present value of future loss of wages, $200,000 for past mental and emotional distress, and $50,000 for the present value of future mental and emotional distress.

K–Products complains that there was insufficient evidence to support a finding of retaliatory discharge, and in fact, the evidence supports its theory of defense—that Clarey was discharged because she was unable to perform her duties. K–Products also complains that the court erred in several evidence rulings, erred in failing to grant a new trial based on the amount of the jury award, and abused its discretion in failing to grant a new trial based on conduct of the plaintiff's lawyer.

The plaintiff's cross-appeal asserts error in the court's denial of punitive damages and attorney fees.

I.  *Sufficiency of the Evidence.*

■ An at-will employee may generally not recover damages for a discharge, but when the discharge occurs for reasons contrary to public policy we have recognized an exception. In *Springer v. Weeks & Leo Co.,* 475 N.W.2d 630, 632 (Iowa 1991) (*Springer II*), for example, we recognized a right of action for a discharge in retaliation for an employee's filing a workers' compensation claim. K–Products contends that the evidence was insufficient on both the retaliation claim and the plaintiff's damages.

The plaintiff submitted evidence of tardy payment of workers' compensation benefits by K–Products, disparaging comments by company officials concerning claims for workers' compensation, and the testimony of several employees that they had been harassed following their filing of workers' compensation claims.

Also, evidence that K–Products gave inconsistent reasons for her discharge supported the plaintiff's theory, and there was testimony by the company's doctor that he believed the company was intentionally "slowing things down" in processing workers' compensation claims.

■ As to the sufficiency of the evidence on damages, there was testimony that the plaintiff was depressed and even attempted suicide following her termination. She had applied for other jobs but was denied employment, presumably because she had been fired at K–Products.

We believe that the evidence, when viewed in the light most favorable to the verdict, is sufficient to generate fact issues on the question of retaliation, proximate cause, and damages.

II.  *The Evidence Rulings.*

■ K–Products complains that the district court allowed testimony by the company's doctor that paraphrased a statement that had been made to the doctor by a company official. The doctor testified:

I really felt after talking to [the company official] that he was looking for somebody to fire to try and slow this thing down. I'm not sure that it was ever put in that— in those words, but that was the opinion that I walked away from the telephone conversation with.

K–Products characterizes this as opinion evidence, a statement by the witness as to his opinion of the declarant's state of mind. We do not view this as an opinion, for evidence purposes, but rather the paraphrasing of an oral statement that would be difficult to repeat verbatim. As Professor Wigmore has stated:

Complete certainty as to an utterance's true meaning can be ascertained only by considering every word in it. The change, omission, or addition of even a single word may radically alter the meaning. But for oral utterances such verbal precision need not and cannot be required. It need not be, for the importance of single words in oral discourse is comparatively much less than in writings; and it cannot be, since

memory does not retain precise words, except of simple utterances and for a short time.

Hence, verbal precision is in general *not required* in proving *oral utterances;* the *substance* or effect is sufficient[.]

. . . .

The general rule, universally accepted, is therefore that the substance or effect of the actual words spoken will suffice, the witness stating this substance as best he can from the impression left upon his memory. He may give his "understanding" or "impression" as to the net meaning of the words heard.

7 John Henry Wigmore, *Wigmore on Evidence* § 2097(a), at 608–09 (1978). We believe this testimony was properly received.

■ K–Products also complains that the court allowed evidence from four former employees who testified about the attitude of the employer toward workers' compensation claimants. Iowa Rule of Evidence 404(b) provides:

> *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Under the court's instructions, the jury was to consider the testimony of these employees only as it bore on the matters set out in Iowa Rule of Evidence 404(b). The instruction stated:

> If you find these other acts (1) occurred; (2) were so closely connected in time; and (3) were committed in the same or similar manner as the acts alleged by Mrs. Clarey, so as to form a reasonable connection between them, then and only then may such other acts be considered for the purpose of establishing motive, intent, preparation, plan, or absence of mistake or accident.

The gist of the testimony in question was that these other employees, all of whom had filed workers' compensation claims within a one-year period of this plaintiff's claim, were subsequently harassed by the employer. This tends to establish a pattern of conduct and was admissible to show motive, intent, plan, or absence of mistake or accident under rule of evidence 404(b).

## III. *The Damage Issue.*

■ K–Products argues that the court abused its discretion in refusing to grant a new trial under Iowa Rule of Civil Procedure 244 on the ground that the damages totaling $364,146 were excessive and the result of passion on the part of the jury.

There was evidence that the plaintiff became suicidal as a result of a discharge and was placed in an institution. She was denied employment by several potential employers and produced evidence of reduced future earnings.

■ In passing on the alleged excessiveness of damages, we need to determine only whether there was substantial evidence to support the verdict. *Northrup v. Miles Homes, Inc.,* 204 N.W.2d 850, 860 (Iowa 1973). We have noted that the trial court is generally in a better position to determine whether the evidence was sufficient to justify an award based on the observations of the trial court. *Id.* at 861. There was sufficient evidence of damages to support the award.

## IV. *The Instructions.*

■ K–Products challenges the trial court's rulings on instructions. It claims the court erred in refusing to instruct the jury as follows:

> If an employee's injury creates a situation that prevents the employee from performing the regular duties of the former position, the employer is entitled to discharge the employee. Such a discharge is not retaliatory.

The trial court properly denied K–Products' request for this instruction because there was not a sufficient factual basis for it. In fact, there was no medical evidence at all that the plaintiff was unable to return to work at the time she was fired.

K–Products also complains that the court erred in refusing to submit the following instruction:

Discharge of an employee during the period before the employee receives a medical release to return to work is a matter that may be considered by the Iowa Industrial Commissioner in determining the size of the award to the injured employee under the Workers' Compensation Act.

K–Products argues that, by refusing this instruction, the court allowed the jury to assume that any discharge prior to a medical release would be a discharge in violation of public policy. We believe that the instructions as a whole correctly state the principles of law regarding retaliatory discharge. In fact, insertion of an issue as to what the industrial commissioner may consider would probably serve only to confuse the jury.

K–Products also complains that the court instructed the jury that amounts paid to Clarey as permanent partial disability under workers' compensation must be disregarded in determining her damages. The issue is whether an amount paid under workers' compensation should be offset against the jury's verdict. We believe the court properly instructed the jury on this matter; permanent partial disability payments are not payments for future wages.

### V. *Mistrial Based on Alleged Misconduct of Counsel.*

K–Products complains that Clarey's attorney engaged in improper conduct during the trial, which should have resulted in a mistrial. However, in its motion for new trial, K–Products failed to mention specifically any of the alleged instances of misconduct. As we said in a similar case,

[n]o motion to strike the objectionable matter was made and there was no motion for a mistrial due to the alleged misconduct of plaintiffs' counsel. Even the defendant's motion for a new trial did not include this as a ground, although several other grounds were listed. We, therefore, cannot consider it in this appeal.

Obviously, if defendant had seriously considered this issue of misconduct of counsel, it would have been raised in appellant's motion for a new trial where the trial court could have passed upon it. The granting of a new trial on the ground of misconduct of counsel is a matter largely left to the discretion of the trial court, and this court has often said it will not interfere unless it affirmatively appears that such discretion was abused. The rule is so well established that we must assume defendant considered it when he listed his grounds for a new trial and left this one out.

*Auen v. Kluver,* 250 Iowa 619, 626, 95 N.W.2d 273, 277 (1959).

Other issues that have been raised in the direct appeal have been considered, and we find no merit in them.

### VI. *The Cross–Appeal.*

The plaintiff complains in her cross-appeal about the court's refusal to allow punitive damages and attorney fees.

As to her claim for punitive damages, the district court ruled that, because the plaintiff was discharged before we first recognized a claim for retaliatory discharge in *Springer v. Weeks & Leo Co.,* 429 N.W.2d 558 (Iowa 1988) (*Springer I*), K–Products could not be found guilty of a course of conduct so egregious as to give rise to punitive damages. We agree.

As to the plaintiff's claim for attorney fees, based on Iowa Code section 91A.8 (1989), we note the statute provides:

When ... an employer has intentionally failed to pay an employee wages ..., the employer shall be liable to the employee for ... attorney's fees....

Wages are defined in section 91A.2(4) as compensation owed by an employer for:

*a.* Labor or services rendered by an employee, whether determined on a time, task, piece, commission, or other basis of calculation.

*b.* Vacation, holiday, sick leave, and severance payments which are due an employee under an agreement with the employer or under a policy of the employer.

*c.* ... [assets of any] medical, health, hospital, welfare, pension, or profit-sharing [plan], which are due an employee....

*d.* Expenses incurred and recoverable under a health benefit plan.

Under this statute, "wages" do not include damages arising out of a wrongful termination but only wages due and owing for past services rendered by the employee.

We conclude that the case should be affirmed on both appeals.

**AFFIRMED ON BOTH APPEALS.**