Clell WEINZETL and Kelly Schubert, f/k/a Kelly Weinzetl, Plaintiffs–Appellants,

v.

RUAN SINGLE SOURCE TRANSPORTATION CO., Defendant–Appellee.

No. 97–1796.

Court of Appeals of Iowa.

Nov. 30, 1998.

Richard Meyer of Fillenwarth & Fillenwarth, Estherville, for appellants.

Susan M. Fitzsimmons, Des Moines, and Roger T. Stetson, Margaret C. Callahan, and Michael R. Reck of Belin Lamson Zumbach Flynn, P.C., Des Moines, for appellee.

Heard by STREIT, P.J., and MAHAN and McCARTNEY,* JJ.

MAHAN, J.

Clell Weinzetl and Kelly Schubert appeal from a district court ruling granting a summary judgment in favor of Single Source Transportation on their claim that SST discharged them in retaliation for seeking workers' compensation. Weinzetl and Schubert contend the determining factor in SST's decision to terminate their employment is in dispute. We affirm.

Weinzetl and Schubert were truck drivers for SST. Weinzetl's and Schubert's duties included loading and unloading their truck. Weinzetl and Schubert were involved in a truck accident while on the job. Each suffered a temporary total disability and received workers' compensation benefits.

SST terminated Weinzetl's and Schubert's employment in February 1995 pursuant to SST's Family and Medical Leave Act policy. Under this policy, employees could request leaves of absence up to twelve weeks. Employees whose absences exceed twelve weeks are terminated and are permitted to reapply for a position with SST when they are ready to return to work. There is no evidence in

the record SST treated employees differently depending upon the reason the employee required a leave of absence; SST did not single out for termination employees who filed workers' compensation claims.

At the time they were terminated, Weinzetl and Schubert were unable to perform loading and unloading duties. Weinzetl and Schubert were not released to work until June 1995, approximately ten months after they were injured.

The district court found there was no genuine issue of material fact regarding the determinative factor in SST's decision to terminate Weinzetl's and Schubert's employment; the undisputed determinative factor was Weinzetl's and Schubert's extended absence from work of almost five months and their inability to return to work at the time of the termination. The district court then concluded SST was entitled to judgment as a matter of law because terminations for absenteeism due to work-related injuries do not violate public policy in Iowa.

**I. STANDARD OF REVIEW.** Summary judgment rulings are reviewed for error. *Gerst v. Marshall,* 549 N.W.2d 810, 811 (Iowa 1996). "We examine the record before the district court to decide whether a genuine issue of material fact exists and whether the court correctly applied the law." *Id.* at 811–812 (quoting *Benavides v. J.C. Penney Life Ins. Co.,* 539 N.W.2d 352, 354 (Iowa 1995)). The facts are viewed in a light most favorable to the party opposing the motion for summary judgment. *Id.* at 812. The moving party has the burden to establish there are no material facts in dispute. *Schlueter v. Grinnell Mut. Reinsurance Co.,* 553 N.W.2d 614, 615 (Iowa App.1996). However, the nonmoving party cannot rely on their pleadings if the motion for summary judgment is properly supported; they "must set forth specific facts showing that there is a genuine issue for trial." Iowa R.Civ.P. 237(e); *Dudden v. Goodman,* 543 N.W.2d 624, 626 (Iowa App.1995).

**II. TERMINATION BASED ON RETALIATION FOR SEEKING WORK-**

* Senior judge assigned by order pursuant to Iowa

Code § 602–9206 (1997).

ERS' COMPENSATION BENEFITS. In Iowa, discharge based on retaliation for seeking workers' compensation benefits is against public policy. *Springer v. Weeks & Leo Co.,* 429 N.W.2d 558, 560 (Iowa 1988); *see also Smith v. Smithway Motor Xpress, Inc.,* 464 N.W.2d 682, 686 (Iowa 1990); *Graves v. O'Hara,* 576 N.W.2d 625, 628 (Iowa App. 1998). In order to recover, Weinzetl and Schubert must prove their protected conduct of seeking workers' compensation benefits was a determining factor in SST's decision to terminate their employment. *See Smith,* 464 N.W.2d at 686. A determining factor is one that tips the scales decisively in either direction. *Id.* Proof adverse employment action occurs after protected employee conduct, without more, is insufficient to generate a fact question on the determining factor issue. *Phipps v. IASD Health Servs. Corp.,* 558 N.W.2d 198, 203 (Iowa 1997) (citing *Hulme v. Barrett,* 480 N.W.2d 40, 43 (Iowa 1992)).

■ SST established the determinative factor in the decision to terminate Weinzetl's and Schubert's employment was Weinzetl's and Schubert's extended absence from work of almost five months and their inability to return to work at the time of the termination. Weinzetl and Schubert contend evidence of harassing behavior and the applicability of SST's leave of absence policy show that the determinative factor issue is in dispute. We disagree.

■ Harassment of an employee after the filing of a workers' compensation claim can be considered circumstantial evidence of an employer's retaliatory motive. *Clarey v. K–Products Inc.,* 514 N.W.2d 900, 902 (Iowa 1994). However, Crawford & Co., SST's workers' compensation insurance company, was the source of most of the harassing behavior and, thus, that harassing behavior cannot provide the basis of a retaliatory discharge claim against SST. *See Butts v. University of Osteopathic Med. & Health Sciences,* 561 N.W.2d 838, 841 (Iowa App.1997).

Weinzetl and Schubert argue other evidence they presented shows SST's retaliatory motive: (1) a statement by an SST employee that "considering everything that had happened" Schubert's chances of getting her old job back were "slim to none" made one-and-a-half years after Schubert was terminated; (2) a double hearsay account of a phone call made to obtain an employment reference from SST during which an SST employee allegedly stated Weinzetl and Schubert had "run up" medical bills after the accident; and (3) a hearsay account that Mitch Yeager accused Weinzetl and Schubert of "scamming" SST, recalled Weinzetl to work, and allegedly threatened to fire Weinzetl if he did not quit taking his pain medication so he could return to work. The statement made one-and-a-half years after the termination is weak evidence SST had any retaliatory motive at the time of the termination. Yeager's behavior is similarly weak evidence of a retaliatory motive when considered with his attempts to help Weinzetl and Schubert deal with Crawford and his retreat from his threat to fire Weinzetl.

Weinzetl and Schubert also assert SST's application of the leave of absence policy to them, since they never requested a leave of absence, is further evidence of SST's retaliatory motive. However, there is no evidence in the record to suggest SST's leave of absence policy is not neutrally applied. Therefore, there is insufficient evidence from which a legitimate inference of a retaliatory motive can be drawn.

Finally, we note at the time they were terminated, Weinzetl and Schubert were unable to perform one of the requirements of their jobs; they could not perform their loading and unloading duties. There is substantial evidence in the record to support the district court's finding this inability to return to work was the basis for termination of Weinzetl's and Schubert's employment. Thus, under Iowa law, Weinzetl and Schubert are precluded from recovering on their claim that SST discharged them in retaliation for seeking workers' compensation. *Davenport v. City of Des Moines,* 430 N.W.2d 405 (Iowa 1988).

■ **III. TERMINATION BASED ON ABSENTEEISM OCCASIONED BY A WORK–RELATED INJURY.** A theory of recovery premised on termination for pursuing a workers' compensation claim has been distinguished from a wrongful termination

claim based on absenteeism occasioned by a work-related injury. *Yockey v. State,* 540 N.W.2d 418, 421 (Iowa 1995); *Graves,* 576 N.W.2d at 629. Weinzetl and Schubert failed to plead this second theory of recovery. The district court addressed the issue because it was raised by Weinzetl and Schubert in their resistance to SST's motion for summary judgment.

█ In *Yockey,* the Iowa Supreme Court avoided addressing the issue of whether it is a violation of Iowa public policy to terminate an employee for excessive absenteeism when that absenteeism is due to a work-related injury. *Yockey,* 540 N.W.2d at 422. We recently declined to address the issue in *Graves,* 576 N.W.2d at 629. In *Graves,* the employee was terminated for absences which continued after he had been released to return to work. *Id.* at 627. In this case, Weinzetl and Schubert were terminated for absenteeism due to work-related injuries while they were still recovering from those injuries and had not yet been released to return to work. Because we feel these facts squarely implicate potential public policy concerns related to workers' compensation claims and the district court addressed the issue, we also will address this issue.

The district court concluded terminations for absenteeism due to work-related injuries do not violate public policy in Iowa. We agree and adopt the district court's well-researched and reasoned ruling on this point, which follows:

In light of *Yockey,* the [district court] concludes that [SST] is further entitled to judgment as a matter of law because terminations for absenteeism due to work-related injuries do not violate public policy. In *Yockey,* the [Iowa] Supreme Court favorably cited a New York case which decided that such discharges do not violate public policy. *Yockey,* 540 N.W.2d at 421. New York's highest court stated that:

[A]n employer should be permitted to take reasonable steps to secure a steady, reliable, and adequate work force.... The absence of a public employee from his position for a prolonged period unduly impairs the efficiency of an office or agency. In many cases, the duties of the absent employee must be absorbed by the remaining staff because temporary replacements are difficult to obtain.... These concerns are not diminished by the circumstance that the employee was injured on the job, rather than off. To forbid absolutely any detrimental treatment of an injured worker would transform [the workers' compensation law] into a job security clause,....

*Id.* (quoting *Duncan v. New York State Developmental Center,* 63 N.Y.2d 128, 481 N.Y.S.2d 22, 23, 470 N.E.2d 820, 823 (1984). The New York court's reasoning is no less persuasive in the case at hand simply because private employees, and not public ones, are involved.

Five other courts addressing the same or a similar issue have essentially agreed with the New York court. *See Pierce v. Franklin Elec. Co.,* 737 P.2d 921 (Okla. 1987); *St. Clair v. D.C. Dept. of Employment,* 658 A.2d 1090 [1040] (D.C.App.1995) (to prove retaliation, employee must show more than discharge for his or her refusal to return to work); *Barker v. Dayton Walther Corp.,* 56 Ohio App.3d 1, 564 N.E.2d 738 (Ohio App.1989); *Horn v. Davis Electrical Constructors, Inc.,* 307 S.C. 559, 416 S.E.2d 634 (S.C.1992); *Anderson v. Std. Register Co.,* 857 S.W.2d 555 (Tenn.1993). Only Kansas and California found such terminations violative of public policy. *See Coleman v. Safeway Stores, Inc.,* 242 Kan. 804, 752 P.2d 645 (Kan.1988); *Judson Steel Corp. v. Workers' Comp. Appeals Bd.,* 22 Cal.3d 658, 150 Cal.Rptr. 250, 586 P.2d 564 (Calif.1978). However, even the California court did not necessarily include the current situation in its holding. That court stated:

[O]ur present holding in no way mandates that an employer retain all employees who sustain injuries on the job. In the instant case, [the plaintiff] ... remained competent to perform his job.... Section 132a does not compel an employer to ignore the realities of doing business by 'reemploying' unqualified employees or employees for whom positions are no longer available.

*Judson Steel*, 150 Cal.Rptr. 250, 586 P.2d at 569. Since the weight of authority appears to indicate that termination for absenteeism due to a work-related injury is not a violation of public policy, [the district court] concludes that [SST] is also entitled to judgment as a matter of law.

After review of the record, we also come to the conclusion that under the facts of this case, the termination of Weinzetl's and Schubert's employment did not violate Iowa public policy. Weinzetl and Schubert were not released to return to work until June 1995, approximately ten months after they were injured. Preventing SST from terminating Weinzetl's and Schubert's employment during such a lengthy absence would be disruptive to SST's business.

For these reasons, we affirm the district court ruling granting a summary judgment in favor of SST.

**AFFIRMED.**