# IN THE COURT OF APPEALS OF IOWA

No. 18-2101
Filed March 18, 2020

**HEATHER CEASER and BRETT ZACH,**
     Plaintiffs-Appellants,

**vs.**

**MARSHALLTOWN MEDICAL AND SURGICAL CENTER; CENTRAL IOWA HEALTHCARE; and CENTRAL IOWA HEALTHCARE f/k/a MARSHALLTOWN MEDICAL AND SURGICAL CENTER,**
     Defendants-Appellees.

_____

Appeal from the Iowa District Court for Tama County, Mary E. Chicchelly,

Judge.

The plaintiffs appeal from a defense verdict on their medical malpractice

claim. **AFFIRMED.**

James K. Weston II and Hugh G. Albrecht of Tom Riley Law Firm, Iowa City,

for appellants.

Desirée A. Kilburg, Jennifer E. Rinden, and Vincent S. Geis of Shuttleworth

& Ingersoll, P.L.C., Cedar Rapids, for appellees.

Heard by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Heather Ceaser and her daughter, Brett Zach, appeal from a defense verdict on their medical malpractice claim. The sole issue on appeal is whether the district court abused its discretion in excluding a statement allegedly made by one of the defendants' employees as inadmissible hearsay. Finding it did not, we affirm.

**I. Background Facts and Proceedings.**

Zach was at the Marshalltown Medical & Surgical Center in Toledo for a sports physical when a nurse administered the first of three vaccinations for Human Papillomavirus (HPV). Zach sat on the exam table while a nurse administered the shot. Zach fainted and fell from the table, hitting her head.

An ambulance transported Zach to the defendant's emergency room in Marshalltown, where Rebecca Miller, a physician's assistant, examined her. Ceaser claims that after she explained what led to Zach's fall, Miller[1] told her that "the HPV shot is known to cause fainting and they are trained to have anyone who gets that shot to lie flat."

Several days later, Ceaser called the clinic about scheduling an appointment with a specialist. A handwritten note detailing the call was placed in Zach's medical record. According to the note, Heather claimed "the ER nurse told her that she was always trained to have a person lay down after immunizations."

---

[1] Ceaser did not know Miller's name or her job title when she testified at trial. Because Miller treated Zach in the emergency department, the defendants "understood" that Ceaser was referring to Miller.

Ceaser filed a medical malpractice claim on her daughter's behalf,[2] alleging the defendants provided negligent medical treatment. Both parties called expert witnesses to testify at trial, and those experts gave conflicting evidence on whether allowing Zach to remain seated on the exam table during and after the vaccine breached the standard of care. To support their claim that the defendants breached the standard of care, the plaintiffs wanted to introduce evidence of Miller's statement to Ceaser into evidence,[3] but the trial court excluded it as hearsay. At the close of trial, the jury returned a verdict for the defendants. The plaintiffs now appeal, challenging the trial court's evidentiary ruling on the admissibility of Miller's statement.

**II. Scope and Standard of Review.**

We review challenges to the district court's evidentiary rulings for an abuse of discretion. *See Hawkins v. Grinnell Reg'l Med. Ctr.*, 929 N.W.2d 261, 265 (Iowa 2019). But if we have to interpret a rule of evidence, we review for correction of errors at law. *See id.* Likewise, we review a claim that a statement falls under an exception to the hearsay rule for correction of errors at law. *See id.*

**III. Admissibility of the Evidence.**

A statement is hearsay if "[t]he declarant does not make [it] while testifying at the current trial or hearing" and "[a] party offers [it] into evidence to prove the truth of the matter asserted in the statement." *See* Iowa R. Evid. 5.801(c). Although such statements are generally inadmissible, *see* Iowa R. Evid. 5.802,

---

[2] Zach was fifteen years old at the time of her injury. She was still a minor when Ceaser filed the lawsuit but turned eighteen before trial.
[3] The plaintiffs deposed Miller before trial but did not ask her about the statement, and they did not call Miller as a witness at trial.

they are not considered hearsay if made by an opposing party, *see* Iowa R. Evid. 5.801(d)(2). Under rule 5.801(d)(2)(D), a statement is admissible against an opposing party if "made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Because the defendants employed Miller when she treated Zach in the emergency room, the plaintiffs claim her statement is admissible.

Miller made the statement out of court, and the plaintiffs offered it for the truth of the matter asserted; on its face, it is hearsay. As the party seeking to introduce the statement into evidence under rule 5.801(d)(2)(D), the plaintiffs bore the burden of showing Miller was speaking within the scope of her employment. *See Annear v. State*, 454 N.W.2d 869, 873 (Iowa 1990) (finding statement allegedly made by an employee inadmissible because it met the criteria for hearsay facially and the plaintiffs failed to make the foundational showing the declarant was speaking within the scope of employment); *see also Gulbranson v. Duluth, Missabe & Iron Range Ry. Co.*, 921 F.2d 139, 142 (8th Cir. 1990) (noting that to admit the evidence under the federal equivalent of rule 5.801(d)(2)(D), the proffering party must "lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment").

The defendants argue that the plaintiffs failed to lay the foundation to show Miller was acting within the scope of her employment when she made a statement to Ceaser about the standard of care. They claim that showing an employee made a statement is not enough. They claim the plaintiffs must also show the extent of Miller's authority to make such a statement. In support, the defendants cite *Friedman v. Forest City*, 30 N.W.2d 752, 760-61 (Iowa 1948), in which the supreme

court held a municipal employee's statements inadmissible because the plaintiffs failed to show the employee made the statements in the scope of employment. The court found that the employee "was employed to work for the city, not to talk for it." *Friedman*, 30 N.W.2d at 761. But *Friedman* preceded our rules of evidence, which envision a broader category of statements being admitted. *See* 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.801:14 (Nov. 2019 update).

> Formerly in Iowa, statements of an agent, to be admissible against the principal, had to have been made while in the performance of his agency and must have related to the subject matter of the agency. The foregoing standard had been interpreted narrowly by the Iowa Supreme Court. For example, a municipal employee hired to provide a service to the municipality as an engineer at a power plant but not to be a spokesperson for the municipality could not make admissions binding on the defendant although the declarations related to potential engineering problems at the power plant. Rule 5.801(d)(2)(D) now makes statements by both an agent and an employee admissible if the statements related to matters within the scope of employment.

*Id.* (footnotes omitted). "[A]n act is deemed to be within the scope of one's employment 'where such act is necessary to accomplish the purpose of the employment and is intended for such purpose.'" *Godar v. Edwards*, 588 N.W.2d 701, 705–06 (Iowa 1999) (citation omitted).

The plaintiffs wanted to introduce evidence of Miller's statement to support their expert witness's testimony on the standard of care and to contradict the testimony of the defendants' expert witnesses. But, here too, a party must meet foundation requirements to admit evidence on the standard of care. *See Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 763 (7th Cir. 2003) (noting that "the rules calling for generous treatment of party-opponent admissions still do not stand for the proposition that Rule 801(d)(2) trumps all other Federal Rules of Evidence").

Generally, "only experts can testify and establish the standard of care and the skill required. . . . Iowa law permits only testimony upon appropriate standard of care by an expert who has qualifications, related directly to the medical problem at issue and type of treatment administered." *Hill v. McCartney*, 590 N.W.2d 52, 56 (Iowa Ct. App. 1998). We have observed that "extrajudicial admissions can supply the necessary expert testimony in malpractice cases." *Id.* at 57. But *Hill* involved statements made by a defendant-physician about his own treatment of the plaintiff; as the treating physician, he was qualified to opine that his treatment fell below the standard of care. *Id.* at 56. A statement about the standard of care owed in medical treatment is not admissible as an admission by an employee of the defendant to establish the standard of care when the employee is a lay person, however. *See Aliotta*, 315 F.3d 756, 763 (7th Cir. 2003) ("[W]e see no good reason why unqualified and unreliable scientific knowledge should be exempted from the expert evidence rules simply because the speaker is an employee of a party-opponent.").

Perhaps the court could infer that administering vaccinations was within Miller's scope of employment and that she had the necessary expertise to opine as to the standard of care required in doing so. But the only evidence being presented here—that Miller "was always trained" to have a patient lie down for vaccinations—does not provide information about where Miller received the training and from whom. Nor does it establish that her training is recognized as the minimum standard of care in administering vaccinations. The parties presented expert witnesses to establish the standard of care, and although the plaintiffs believe Miller's testimony would have bolstered their expert's testimony,

they took no steps to provide a foundation for Miller's statement during her deposition.  Nor did they secure Miller as a second expert witness.  On this record, we cannot find the trial court abused its discretion in ruling the statement is inadmissible as hearsay.

For the same reason, we affirm the court's ruling on the handwritten note in Zach's medical records documenting Ceaser's call to the clinic one week after Zach's vaccination.  Medical records offered to prove the truth of the matters asserted are hearsay.  *See Madison v. Colby*, 348 N.W.2d 202, 204 (Iowa 1984).  And when those records include statements allegedly made by others, the hearsay is subject to the "double hearsay" rule.  *In re Estate of Poulos*, 229 N.W.2d 721, 727 (Iowa 1975).  That hearsay is inadmissible unless it independently falls under one of the recognized exceptions to the hearsay rule.  *See id.*  The plaintiffs have failed to show the document is admissible under any of those exceptions.

**AFFIRMED.**