# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0271
Filed January 28, 2026

————————

**Romare Homes, Inc.,**
Plaintiff–Appellant,

v.

**Lincoln Savings Bank,**
Defendant–Appellee.

————————

Appeal from the Iowa District Court for Polk County,
The Honorable Lawrence P. McLellan, Judge.

————————

**AFFIRMED**

————————

Trevor A. Jordison (argued), and Billy J. Mallory, of Mallory Law,
Urbandale, attorneys for appellant.

Joseph Porter (argued), Lynn Wickham Hartman, and Philip A. Burian of
Simmons Perrine PLC, Cedar Rapids, attorneys for appellee.

————————

Heard at oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

Romare Homes, Inc. (Romare) appeals the district court's ruling granting summary judgement for Lincoln Savings Bank (LSB) in a contract dispute. Romare argues the district court erred when it concluded (1) Iowa Code section 535.17(4) (2024) does not allow admission of an opposing-party statement of a former employee of LSB, and (2) LSB was entitled to summary judgment. Upon our review, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In August 2021, Romare was preparing to develop approximately thirty units of residential real estate. To acquire the real estate, they secured a loan from LSB. In April 2022, Romare secured another loan for the construction and development of the properties.

A few months later, Romare wanted to expand the project and sought an additional loan in excess of two million dollars. Romare dealt with LSB's vice president Doug Parker. Parker told Romare this request required a meeting with LSB's commercial lending manager. The parties take differing views of the result of this meeting. Romare argues the additional loan was approved and they could move forward with the two-million-dollar expansion of their project. But LSB says the meeting resulted in the first step towards approval of the additional loan.

Romare alleges they began construction of the project based on assurances they received from LSB. Over the course of months, Romare says they received verbal confirmation of the loan but received no funding or loan documentation. In December 2023, LSB advised Romare to stop construction on the project until further notice. Romare submitted a formal

2

loan application to LSB in February 2024. But LSB denied the application just a month later.

Romare filed this action seeking enforcement of the loan alleging breach of contract, negligent misrepresentation, and promissory estoppel. LSB responds stating no lending agreement existed between Romare and LSB, and even if such agreement did exist, enforcement is barred by the statute of frauds codified in Iowa code section 535.17. The district court agreed with LSB and granted summary judgment in their favor. Romare now appeals.

## DISCUSSION

### I. Statute of Frauds

Romare first argues Iowa Code section 535.17(4) allows for the introduction of an affidavit of a former vice president of LSB acknowledging the existence of the loans. This is a question of statutory interpretation, so our review is for correction of errors at law. *Doe v. State*, 943 N.W.2d 608, 609 (Iowa 2020). Our task is "to determine the ordinary and fair meaning" of the statute at issue. *Id.* at 610. In making that determination, we consider the relevant statutes as a whole and in context and "not just isolated words and phrases." *Id.* (quoting *In re Est. of Melby*, 841 N.W.2d 867, 879 (Iowa 2014)). "Generally, when we conclude the express language of the statute is plain and the meaning is clear, we need not proceed any further with our analysis." *Cianzio v. Iowa State Univ.*, 14 N.W.3d 716, 721 (Iowa 2024).

Iowa Code section 535.17(4) states:

Notwithstanding subsections 1 and 2, a credit agreement or modification of a credit agreement which is not in writing, but which is valid in other respects, is enforceable if the party against whom enforcement is sought admits in court that the agreement or

modification was made, but no agreement or modification is enforceable under this subsection beyond the terms admitted. Romare argues the affidavit of Doug Parker qualifies an admission by LSB that renders the loans enforceable despite not being in writing. Parker, who left his employment with LSB, did not work for LSB at the time he executed the affidavit. Because he was not an agent of LSB at the time, LSB argues they cannot be bound by the affidavit of a former employee. We must decide whether the language "the party against whom enforcement is sought" includes former employees. *See* Iowa Code § 535.17(4). We conclude it does not.

A credit agreement is not enforceable unless it contains all material terms and "is signed by the party against whom enforcement is sought." Iowa Code § 535.17(2); *see also Cnty. Bank v. Shalla*, 20 N.W.3d 812, 814–815 (Iowa 2025). An employer's representative is "a person empowered to act for [the employer], including an agent, an officer of a corporation or association, and a trustee, executor, or administrator of an estate." Iowa Code § 554.1201(2)(ah). There is no doubt that Parker was an agent or officer of LSB *during* his employment. But the agency relationship only exists when the employer "manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 100 (Iowa 2011) (quoting Restatement (Third) of Agency § 1.01, at 17 (Am. L. Inst. 2006)). That means the agency relationship ends when the employment relationship does. *See id.*

Romare responds that these statements were made by Parker during his employment relationship with LSB and therefore qualify as opposing-party statements under Iowa Rule of Evidence 5.801(d)(2)(D). Under rule 5.801(d)(2)(D), a statement is admissible against an opposing party if "made

4

by the party's agent or employee on a matter within the scope of that relationship and while it existed." The statements must be made within the scope of the employment relationship. *See Annear v. State*, 454 N.W.2d 869, 873 (Iowa 1990) (finding statement allegedly made by an employee inadmissible because it met the criteria for hearsay facially and the plaintiffs failed to make the foundational showing the declarant was speaking within the scope of employment); *see also Gulbranson v. Duluth, Missabe & Iron Range Ry. Co.*, 921 F.2d 139, 142 (8th Cir. 1990) (noting that to admit the evidence under the federal equivalent of rule 5.801(d)(2)(D), the proffering party must "lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment"). "The continuing employment requirement assumes there is insufficient reliability in a statement made by a former agent or employee (potentially disgruntled), who no longer has the employment relationship at risk when making statements contrary to the former employer's interest." 7 Laurie Kratky Doré, *Iowa Practice Series: Evidence* § 5.801:14 (Nov. 2025 Update).

While Romare alleges the statements they seek to introduce were made within the scope of Parker's employment, the affidavit was executed over a year after his employment with LSB ended. And we find his statements do not qualify as in-court admissions under Iowa Code section 535.17(4) because Parker cannot make admissions on behalf of LSB after his employment relationship has ended. So, we affirm the district court's determination that Iowa Code section 535.17(4) bars Romare's claims.

## II. Summary Judgment

Romare's second argument is that the district court erred in granting summary judgment for LSB on the breach of contract claim. Romare argues there was a genuine issue of material fact that it entered a credit agreement

with LSB.  But we have resolved the threshold questions confirming that there was not a written credit agreement that satisfies the statute of frauds and that Parker was not an employee who could confirm an oral understanding, so we do not reach this issue.

## CONCLUSION

Because we conclude the affidavit of LSB's former employee did not qualify as an opposing-party admission under Iowa Code section 535.17(4), we find that enforcement of the alleged agreement is barred by the statute of frauds.  Thus, we conclude summary judgment was appropriate and affirm the district court in its entirety.

**AFFIRMED.**