Jeffrey Scott **TUCKER**, Appellant,

v.

**CATERPILLAR, INC.,** Appellee.

No. 96–679.

Supreme Court of Iowa.

June 18, 1997.

Robert A. Burnett, Jr., Des Moines, for appellant.

Mark L. Tripp and Michael L. Mock of Bradshaw, Fowler, Proctor & Fairgrave, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

McGIVERIN, Chief Justice.

Plaintiff challenges the district court's ruling that excluded evidence of warning measures, in connection with a backhoe loader, taken by the defendant manufacturer after the manufacture and sale of the backhoe but before plaintiff was injured in an accident involving the backhoe. Although we do not agree with the district court that the evidence was inadmissible, we conclude that any error did not affect the substantial rights of the plaintiff. Accordingly, we affirm.

I. *Background facts and proceedings.* This dispute stems from an accident involving a Caterpillar 416 Backhoe Loader (CAT 416). The CAT 416 was manufactured by defendant Caterpillar, Inc. (Caterpillar), in 1986 and sold to a construction company, C.E. Contracting, Ltd., in June 1986. The 1986 instruction manual provided by Caterpillar to C.E. Contracting did not direct operators to engage the transmission neutral lock (TNL) after stopping the machine and setting the parking brake, nor did it warn of the possible consequences of failing to do so.

In November 1986, in response to complaints from other customers about unexpected reengagement of the transmission and undesired movement of the main body of the machine, Caterpillar developed a warning decal that specifically instructed operators to engage the TNL during backhoe operation. Although Caterpillar began affixing the decal to machines manufactured after November 1986, it did not send copies of the decal to C.E. Contracting or other owners of previously-sold machines. In April 1989, a Caterpillar publication, *Service Magazine,* described a modification to the CAT 416 designed to prevent unexpected reengagement of the transmission. A revised instruction manual issued by Caterpillar in 1990 also advised operators to engage the TNL during backhoe operation to prevent undesired movement.

On September 4, 1990, plaintiff Jeffrey Tucker, an employee of C.E. Contracting, was severely injured when the CAT 416 ran over him while he was working in a trench during a subsurface tiling job along Highway 71 in Buena Vista County. The accident occurred when the machine, which had been stopped with the parking brake set, unexpectedly began to move at a high rate of speed. A co-employee who was operating the CAT 416 at the time of the accident had not engaged the TNL after he stopped the machine and set the parking brake. The machine operator had not read the 1986 and 1990 manuals.

Plaintiff Tucker filed a product liability action against Caterpillar in district court, claiming both negligence and strict liability. In connection with the negligence claim,

Tucker alleged that defendant Caterpillar breached its duty to use reasonable care in designing the transmission of the CAT 416, to provide sufficient instructions and warnings about the operation of the machine, and to warn of dangers associated with the operation of the machine which became known to Caterpillar after the machine was manufactured and sold. With regard to the strict liability claim, Tucker alleged that the transmission design for the CAT 416 was defective and unreasonably dangerous.

Defendant Caterpillar answered, the parties conducted discovery, and the case proceeded to a jury trial. Before the trial began, Caterpillar filed a motion in limine seeking to exclude exhibits containing the warning decal, the 1990 manual, and other material. Caterpillar contended the decal and 1990 manual were inadmissible because they constituted both subsequent remedial measures under Iowa Rule of Evidence 407 and prejudicial material under Iowa Rule of Evidence 403. The trial court sustained Caterpillar's motion and later rejected, on the basis of rules 407 and 403, Tucker's offers of proof with regard to the decal and 1990 manual.

After hearing the evidence, the jury returned a verdict for defendant Caterpillar as to both the negligence and strict liability counts of plaintiff's petition. The trial court entered judgment for Caterpillar in accordance with the verdict, and plaintiff Tucker appealed.

II. *Standard of review.* We review the district court's rulings for correction of errors at law. Iowa R.App.P. 4. "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected...." Iowa R. Evid. 103(a).

III. *Admissibility of warning decal and 1990 manual.* On appeal, plaintiff Tucker contends the trial court erred in sustaining Caterpillar's motion in limine and rejecting Tucker's offers of proof regarding the warning decal and 1990 manual because: (1) measures taken by the manufacturer of a product after the sale of the product but before the accident leading to the suit are not subsequent remedial measures under Iowa Rule of

Evidence 407; (2) even if they do constitute subsequent remedial measures, such measures are admissible for a purpose other than to prove negligent or culpable conduct; (3) the decal and 1990 manual were not inadmissible under Iowa Rule of Evidence 403; and (4) the trial court's exclusion of the decal and 1990 manual affected substantial rights of the plaintiff.

Plaintiff Tucker only contends the decal and 1990 manual should have been admitted as bearing on plaintiff's negligence allegation concerning defendant Caterpillar's continuing duty to warn about dangers in connection with operation of the machine. *See Olson v. Prosoco, Inc.,* 522 N.W.2d 284, 289 (Iowa 1994).

A. *Admissibility under Iowa Rule of Evidence 407.* Iowa Rule of Evidence 407 provides:

> When, *after an event,* measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered in connection with a claim based on strict liability in tort or breach of warranty or for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

(Emphasis added.) In recommending the adoption of this rule, our Iowa Advisory Committee on Study of the Federal Rules of Evidence commented on the rationale underlying rule 407:

> The Rule excluding evidence of subsequent repairs originally rested on the notion that such repairs were irrelevant, or had little probative value, to the issue of the defendant's antecedent negligence. More recently, Courts and legislatures have frequently retained the exclusionary rule in negligence cases as a matter of "public policy," reasoning that the exclusion of such evidence may be necessary to avoid deterring individuals from making improvements or repairs after an accident.

However, when the context is transformed from a typical negligence setting to the modern products liability field, the "public policy" assumptions justifying this exclusionary rule are no longer valid. This is because it is unrealistic to suggest that the contemporary corporate mass producer of goods, the normal products liability defendant, who manufactures tens of thousands of units of goods, will forego making improvements in its product, and risk [innumerable] additional lawsuits and the attendant adverse effect upon its public image, simply because evidence of adoption of such improvements may be admitted in an action founded on strict liability or breach of warranty for recovery on an injury that preceded the improvement.

Iowa R. Evid. 407 advisory committee's note (1983).

■ In this case, the warning decal and 1990 manual were issued after the manufacture and sale of the CAT 416 but before the accident. Plaintiff Tucker argues that the triggering "event" referred to in rule 407 was the September 1990 accident; thus, the warning decal and 1990 manual, which were issued before the accident, should not be inadmissible under the rule. Defendant Caterpillar, on the other hand, urges that the "event" occurred sometime before the accident—apparently at the time Caterpillar began to receive complaints from other customers about undesired movement of the machine—so that the warning decal and 1990 manual, which were issued after the CAT 416 was sold to Tucker's employer and after Caterpillar received complaints, should be excluded under rule 407. For the reasons that follow, we believe the language and underlying purpose of rule 407 are more supportive of plaintiff's interpretation than of defendant's rather nebulous time frame.

■ The language of rule 407 leads to the conclusion that the term "event" refers to the accident or time of injury to the plaintiff. The phrase "would have made the event less likely to occur" indicates that "event" refers to the accident or injury rather than the manufacture or sale of the product. *Huff-*

*man v. Caterpillar Tractor Co.,* 908 F.2d 1470, 1482 (10th Cir.1990). Several other courts have interpreted the language of Federal Rule of Evidence 407 in this manner.[1] *See Raymond v. Raymond Corp.,* 938 F.2d 1518, 1523 (1st Cir.1991) (noting that under the federal rule, "event" refers to the accident that precipitated the lawsuit); *City of Richmond v. Madison Management Group, Inc.,* 918 F.2d 438, 459–60 (4th Cir.1990) (stating that the "event" is the accident, not the sale of the product); *Chase v. General Motors Corp.,* 856 F.2d 17, 21 (4th Cir.1988) (stating that the "event" is the accident); *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1343 (5th Cir.1978) (referring to the accident as the "event"). We have previously noted the majority rule that measures taken after a product is manufactured but before an accident occurs from that product are not remedial measures under rule 407. *Doe v. Johnston,* 476 N.W.2d 28, 33 (Iowa 1991).

This interpretation of rule 407 is in consonance with the rationale for the rule. Public policy concerns about deterring safety improvements do not support exclusion of evidence of such measures taken *before* an accident. We consider it highly unlikely that a manufacturer would refrain from improving its product out of fear that evidence of such improvements could someday be admitted in an action based on an as-yet unrealized accident.

Defendant Caterpillar points to our decision in *Doe,* 476 N.W.2d at 34, in which we determined that a blood transfusion, rather than the subsequent diagnosis of AIDS, was the "event" triggering exclusion of "remedial" evidence under rule 407. The plaintiff in that case was infected with the human immunodeficiency virus (HIV) via the blood transfusion in February 1985, although he and his doctor did not learn of the infection until two years had passed. *Doe,* 476 N.W.2d at 30. The plaintiff offered evidence that, in early 1986, the defendant doctor began informing his patients about the risk of AIDS from blood transfusions. *Id.* at 33. This evidence was properly excluded under rule 407. *Id.*

1. Federal Rule of Evidence 407 is similar to Iowa Rule of Evidence 407 but does not provide an exception in strict liability cases. *See* Fed. R.Evid. 407.

We concluded the injury to the plaintiff occurred at the time of the blood transfusion. That was the irreversible "event." We also stated in *Doe:*

> Moreover, as the district court noted, such an interpretation is consistent with a plain reading of the rule. By its terms, the rule makes the triggering event the same as the act giving rise to negligence. In this case that would be the 1985 blood transfusion, not the diagnosis of AIDS revealed in 1987.
>
> We hold that the blood transfusion given in 1985 was the event triggering the protection of rule 407, not the doctor's later knowledge of his patient's injury.

*Id.* at 34. Thus, the holding in *Doe* does not assist defendant Caterpillar here.

We conclude that the "event" controlling whether rule 407 applies in the present case was the September 1990 accident in which plaintiff Tucker was injured. Thus, the trial court erred in applying rule 407 to exclude evidence concerning the warning decal and 1990 manual, which were brought into use by Caterpillar before that accident.[2]

B. *Effect on plaintiff's substantial rights.* Our conclusion that Iowa Rule of Evidence 407 was improperly applied in this case does not end our analysis. Reversal is warranted only if plaintiff Tucker has shown that exclusion of the evidence concerning the warning decal and 1990 manual affected his substantial rights. *See* Iowa R. Evid. 103(a).

■ Our review of the record shows that the trial court admitted other evidence concerning the problem of unexpected reengagement of the transmission in connection with the CAT 416. Evidence before the jury showing Caterpillar's knowledge of the problem included: (1) testimony by an engineer for Caterpillar concerning reports received by Caterpillar, before plaintiff Tucker's accident, of incidents of unexpected machine movement and her concession that Caterpillar knew unexpected movement of the machine was dangerous; (2) the *Service Magazine* article, published by Caterpillar, discussing design changes in response to those reports; and (3) documentation by Caterpillar of complaints it received about unexpected machine movement. There was also evidence, including plaintiff's expert testimony, regarding the inadequacy of the information and warnings provided in connection with the operation of the CAT 416 at issue. Because there was substantial other evidence from which the jury in the nine-day trial could have concluded that Caterpillar was negligent in connection with plaintiff's allegation of Caterpillar's continuing duty to warn of dangers associated with operation of the machine, we find that reversal is not warranted. In view of the other record evidence, exclusion of evidence of the warning decal and 1990 manual did not affect plaintiff's substantial rights as contemplated by rule 103(a). Thus, no error warranting reversal of the case appears.

IV. *Disposition.* Because our conclusions in division III are dispositive of this matter, we need not address the other issues raised by the plaintiff. We affirm the judgment of the district court.

**AFFIRMED.**

---

2. Because the district court's ruling fails under rule 407, it also fails under Iowa Rule of Evidence 403 relating to exclusion of relevant evidence on grounds of prejudice. *McIntosh v. Best Western Steeplegate Inn,* 546 N.W.2d 595, 598 (Iowa 1996).