# IN THE SUPREME COURT OF IOWA

No. 08–0365

Filed October 23, 2009

**STEPHEN MARTIN SCOTT,**

Appellant,

vs.

**DUTTON-LAINSON COMPANY,**

Appellee.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Plaintiff challenges district court ruling excluding evidence of subsequent remedial measure under Iowa Rule of Evidence 5.407. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Michael S. Jones, Patterson Law Firm, L.L.P., Des Moines, for appellant.

J. Campbell Helton, Whitfield & Eddy, P.L.C., Des Moines, for appellee.

**STREIT, Justice.**

Stephen Scott was injured while using a boat trailer jack. He filed suit against Dutton-Lainson Company, the jack manufacturer, alleging the jack was defectively designed and did not include proper warnings. Scott proffered evidence that Dutton-Lainson modified the jack design after his injury, which the district court excluded under Iowa Rule of Evidence 5.407. After a defense verdict, Scott appealed. We hold the district court properly excluded the evidence of subsequent remedial measures because design defect and failure to warn claims are not strict liability claims, and Scott sought to introduce the evidence to prove negligence or culpable conduct.

## I. Background Facts and Proceedings.

Plaintiff Stephen Scott, the employee of a boat dealership, was injured when the jack on a boat trailer collapsed and crushed his foot. Scott brought suit against the jack manufacturer, defendant Dutton-Lainson Company, based on "defects in [the jack's] design and manufacturing and the negligence of the Defendant[]."

Scott planned to present evidence that, subsequent to Scott's injury, Dutton-Lainson modified the tooling for the jack pin which allowed it to move into the pin hole further. Additionally, Scott sought to introduce testimony that Ron Haase, an officer of Dutton-Lainson, admitted Dutton-Lainson modified the jack pin as a result of Scott's injury.

Before trial, Dutton-Lainson filed a motion in limine seeking to exclude evidence of subsequent remedial measures pursuant to Iowa Rule of Evidence 5.407. The district court sustained the motion and excluded the evidence. The court submitted the case to the jury on theories of design defect and failure to warn, and the jury returned a

verdict finding Dutton-Lainson was not at fault. Scott appealed, arguing the district court erred when it excluded evidence of subsequent remedial measures. We transferred the case to the court of appeals, which held the evidence was admissible and reversed the district court. Dutton-Lainson sought further review with this court.

## II. Scope of Review.

"This court reviews standard claims of error in admission of evidence for an abuse of discretion." *State v. Stone*, 764 N.W.2d 545, 548 (Iowa 2009). "[T]o the extent a challenge to a trial court ruling on the admissibility of evidence implicates the interpretation of a rule of evidence, our review is for errors at law." *State v. Jordan*, 663 N.W.2d 877, 879 (Iowa 2003). "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . ." Iowa R. Evid. 5.103. Therefore, reversal is warranted only if exclusion of the evidence affected a party's substantial rights. *Tucker v. Caterpillar, Inc.*, 564 N.W.2d 410, 414 (Iowa 1997).

## III. Merits.

**A.  Evidence of the Modified Jack Pin.** The district court, relying on Iowa Rule of Evidence 5.407, excluded evidence of a change Dutton-Lainson made to its jack pin after Scott was injured using the jack. Scott proffered deposition testimony from Ron Haase of Dutton-Lainson that the company was "tuning the tooling" of the jack pin. Scott also proffered testimony from the deposition of James Byron Wink that Ron Haase of Dutton-Lainson told him the jack pin was lengthened as a result of Scott's injury. At trial and outside the presence of the jury, Scott elicited testimony from a witness—who is not identified in the transcript—that the tooling of the jack was changed to allow the pin "to move into the hole . . . [a]bout a 16th of an inch farther." Scott claimed

an extended pin would allow the user to verify whether the pin was engaged and therefore prevent accidents like the one Scott suffered. The district court refused to admit testimony of the subsequent change because it found the evidence was of a subsequent remedial measure offered to show negligence or culpable conduct.

Iowa Rule of Evidence 5.407 prevents admission of subsequent remedial measures to prove negligence or culpable conduct but categorically allows admission of such evidence in strict liability claims. It states:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered in connection with a claim based on strict liability in tort or breach of warranty or for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Iowa R. Evid. 5.407.

Scott sought to introduce the evidence of a subsequent remedial measure based on rule 5.407's categorical provision for admissibility in strict liability and breach of warranty claims. Scott's claims were submitted to the jury on theories of failure to warn and design defect. Failure to warn claims cannot be brought under a theory of strict liability. *Olson v. Prosoco, Inc.*, 522 N.W.2d 284, 289 (Iowa 1994). Prior to this court's recent decision in *Wright v. Brooke Group Ltd.*, 652 N.W.2d 159 (Iowa 2002), design defect claims could be brought under a theory of either strict liability or negligence. *See, e.g., Chown v. USM Corp.*, 297 N.W.2d 218, 220 (Iowa 1980); *Hawkeye-Security Ins. Co. v. Ford Motor Co.*, 174 N.W.2d 672, 682–84 (Iowa 1970). In *Wright*, we adopted the Restatement (Third) of Torts: Products Liability sections 1 and 2 (1998)

[hereinafter Third Products Restatement]. *Wright*, 652 N.W.2d at 169. The Third Products Restatement recognizes that "strict liability is appropriate in manufacturing defect cases, but negligence principles are more suitable for other defective product cases." *Id.* at 168. Therefore, *Wright* adopted a standard of risk-utility analysis, which incorporates a consideration of reasonableness, for design defect claims,[1] but chose to "label a claim based on a defective product design as a design defect claim without reference to strict liability or negligence." *Id.* at 169. Because *Wright* rejected the categorical labels of strict liability or negligence in the context of design defects, the parties dispute whether rule 5.407's categorical exception for strict liability claims applies to design defect claims.

We hold that evidence of subsequent remedial measures, which a party seeks to introduce in an action based on a design defect claim, a failure to warn claim, or a breach of warranty claim brought under either theory,[2] is not categorically exempt from exclusion under rule 5.407 because these claims are not strict liability claims. Instead, trial courts must analyze the reason a party seeks to admit such evidence. According to rule 5.407, evidence of subsequent remedial measures is

---

[1]A product "is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe." Third Products Restatement § 2(b), at 14.

[2]Rule 5.407 refers to breach of warranty claims as it does strict liability claims and therefore does not require exclusion of evidence of subsequent remedial measures. *Wright* held, however, that a claim for breach of implied warranty under Iowa Code section 554.2314(2)(*c*) "requires proof of a product defect as defined in Products Restatement section 2." *Wright*, 652 N.W.2d at 181–82. Therefore, a breach of warranty claim will require proof of the standard for either a manufacturing defect, a design defect, or a failure to warn. Application of rule 5.407 to breach of warranty claims must be determined based on which of the three tests the plaintiff chooses to proceed under.

not admissible to show negligence or culpable conduct. Such evidence is admissible to show "ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Iowa R. Evid. 5.407.

Rule 5.407's carve out for strict liability in tort and breach of warranty claims remains relevant to only one type of product liability claim: a claim based on a manufacturing defect. A product "contains a manufacturing defect when the product departs from its intended design even though all possible care was exercised in the preparation and marketing of the product." Third Products Restatement § 2(a), at 14. This definition is consistent with strict liability because fault is assessed regardless of the exercise of all possible care.[3] *See Wright*, 652 N.W.2d at 168 ("The Products Restatement demonstrates a recognition that strict liability is appropriate in manufacturing defect cases, but negligence principles are more suitable for other defective product cases.") Therefore, evidence of subsequent remedial measures is admissible in manufacturing defect cases brought under a strict liability theory. However, even when the strict liability exception applies, courts are still required to evaluate relevance under Iowa Rule of Evidence 5.402 and prejudice under Iowa Rule of Evidence 5.403.

A review of the history of our rule, its federal counterpart, and substantive products liability law in Iowa confirms today's result. Iowa Rule of Evidence 5.407 differs from its counterpoint in the Federal Rules of Evidence, rule 407, with regard to strict liability claims. *See Tucker*, 564 N.W.2d at 413 n.1 ("Federal Rule of Evidence 407 is similar to Iowa

---

[3]Comment *c* of the Third Products Restatement section 2 notes that "[a]lthough Subsection (a) calls for liability without fault [in manufacturing defect claims], a plaintiff may seek to recover based upon allegations and proof of negligent manufacture." Third Products Restatement § 2 cmt. *c*, at 18; *see also* Third Products Restatement § 2 cmt. *n*, at 36. If manufacturing defect claims are brought under a negligence theory, the categorical strict liability exception in rule 5.407 would not apply.

Rule of Evidence 407 [now 5.407] but does not provide an exception in strict liability cases.") In 1983, at the time the Iowa rule was first adopted, Federal Rule of Evidence 407 was silent regarding its applicability to strict liability claims, and federal courts were split over the issue. *See Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 886–88 (5th Cir. 1983) (citing cases). The drafters of the Iowa rule addressed this conflict with the statement that rule 5.407 "does not require the exclusion of evidence of subsequent measures when offered in connection with a claim based on strict liability in tort or breach of warranty." Iowa R. Evid. 5.407. The 1983 comment to Iowa Rule of Evidence 5.407 states "unlike the Federal Rule, it specifically does not apply to actions based upon strict liability or breach of warranty." Iowa R. Evid 5.407 official comment (1983). In 1997, Federal Rule of Evidence 407 was amended to prevent admission of subsequent remedial measures in product liability claims, including strict liability, unless the need for such evidence falls under a specific exception. Fed. R. Evid. 407 (evidence of subsequent remedial measures "is not admissible to prove negligence, culpable conduct, *a defect in a product, a defect in a product's design, or a need for a warning or instruction*" (emphasis added)); *see also* Fed. R. Evid. 407 advisory committee's note (1997). Therefore, Iowa Rule of Evidence 5.407 allows introduction of evidence of subsequent remedial measures in strict liability claims while Federal Rule of Evidence 407 specifically prohibits it.

Scott argues the district court should have admitted evidence of subsequent remedial measures because his design defect claim is not an ordinary negligence claim. Design defect claims could be brought as strict liability claims when rule 5.407 (then rule 407) was originally adopted in 1983. *See, e.g., Chown*, 297 N.W.2d at 220; *Hawkeye-*

*Security*, 174 N.W.2d at 682–84. Scott contends rule 5.407's specific exception for strict liability should be read to apply to design defect claims after *Wright* because *Wright* refused to classify such claims under a theory of either strict liability or negligence. *Wright*, 652 N.W.2d at 169.

We disagree. Scott's design defect and failure to warn claims are not strict liability claims. Although we chose not to label design defect claims as either negligence or strict liability claims, we recognized that "negligence principles are more suitable" for design defect and failure to warn claims. *Id.* at 168. The standards for design defect and failure to warn claims—as recognized by the Third Products Restatement and *Wright*—require consideration of reasonableness and therefore incorporate negligence principles. Third Products Restatement § 2(b), (c), at 14. Although the drafters of rule 5.407 intended to create a distinction between strict liability claims and negligence, Iowa tort law no longer supports this distinction in the context of design defect and failure to warn claims. Scott seeks to introduce evidence of a subsequent remedial measure to do exactly what the rule forbids: prove negligence or culpable conduct.[4]

The Third Products Restatement section 2, as adopted in *Wright*, requires plaintiffs in design defect cases to demonstrate the existence of a reasonable alternative design.[5] Third Products Restatement § 2(b), at 14 (stating a product "is defective in design when the foreseeable risks of

---

[4]Before the district court, Scott argued the proffered evidence was admissible to demonstrate the feasibility of an alternative design with a longer pin. Dutton-Lainson argued that it did not take the position that the pin could not be lengthened. We do not reach the merits of the feasibility exception here because Scott has not raised the argument on appeal.

[5]*Parish v. Jumpking, Inc.*, 719 N.W.2d 540, 543–45 (Iowa 2006) noted a limited exception to the reasonable alternative design requirement for "manifestly unreasonable" products as explained in comment *e* to the Third Products Restatement.

harm posed by the product could have been reduced or avoided *by the adoption of a reasonable alternative design*" (emphasis added)).  Some courts have suggested the reasonable alternative design requirement is inconsistent with a rule of evidence excluding subsequent remedial measures.  *See Rahmig v. Mosley Mach. Co.*, 412 N.W.2d 56, 73, 82 (Neb. 1987) (stating "[t]he exclusion sometimes warranted by Neb. Evid. R. 407 is, therefore, subordinated . . . [lest plaintiff] be prevented from proving requisite feasibility of a safer product and thereby risk an adverse directed verdict or forfeiture of a favorable verdict on account of such absence of proof" and overruling prior precedent requiring plaintiff to prove a reasonable alternative design).

We find the exceptions in rule 5.407 accommodate plaintiff's burden to prove a reasonable alternative design.  Rule 5.407 allows admission of evidence to demonstrate "ownership, control, or feasibility of precautionary measures, if controverted, or impeachment."  Iowa R. Evid. 5.407.  Plaintiffs have the opportunity to introduce evidence of subsequent remedial measures if the defendant disputes the feasibility of a suggested alternative design.  *Cf.* 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5288, at 136 (1980) ("Use of subsequent remedial measures to prove 'the feasibility of precautionary measures' . . . demonstrates the narrow scope of the general rule excluding such proof.").  In *Bangs v. Maple Hills, Ltd.*, 585 N.W.2d 262, 267 (Iowa 1998), we held that a defendant who argued a proposed design "would not work" controverted feasibility and the trial court did not err by admitting evidence of subsequent remedial measures.

Scott nevertheless argues the policy analysis in the comment to rule 5.407 supports admission of subsequent remedial measures in

product liability cases, including claims of defective design. Two policy reasons are typically cited to support rule 5.407 and its federal counterpart. First, the advisory committee notes to Federal Rule of Evidence 407 explain that "the rule rejects the notion that 'because the world gets wiser as it gets older, therefore it was foolish before.'" Fed. R. Evid. 407 advisory committee's note (1972) (quoting *Hart v. Lancashire & Yorkshire Ry.*, 21 L.T.R. N.S. 261, 263 (1869)). Second, as we have recognized, "[t]he public policy supporting the rule is 'that the exclusion of such evidence may be necessary to avoid deterring individuals from making improvements or repairs after an accident.'" *Bangs*, 585 N.W.2d at 266 (quoting *Tucker*, 564 N.W.2d at 412).

Scott points to the Iowa rule's official comment, which suggests a contemporary corporate mass producer may choose to make improvements to a product even if those improvements are admissible because the producer would otherwise risk additional lawsuits and negative effects on its public image. Iowa R. Evid. 5.407 official comment (1983) (citing *Ault v. Int'l Harvester Co.*, 528 P.2d 1148, 1151–52 (Cal. 1974)). *Ault*, however, is not without criticism, particularly in the context of design defects. *See Duchess v. Langston Corp.*, 769 A.2d 1131, 1140–41 (Pa. 2001) (noting a "substantial body of criticism" of *Ault* for (1) overstating the relevance of subsequent remedial measures, (2) an unsound focus on mass producers, and (3) a flawed distinction between negligence and strict liability). Also, the 1983 official comment to rule 5.407 relies on the theory that "a products liability case looks to, or emphasizes a defect in the product, rather than any conduct or culpable act on behalf of the manufacturer." Iowa R. Evid. 5.407 official comment (1983). We have rejected this distinction in the context of design defect

and failure to warn claims. *Wright*, 652 N.W.2d at 164–69; *Olson*, 522 N.W.2d at 289.

The plain language of rule 5.407 specifically prevents introduction of subsequent remedial measures to show negligence but exempts claims brought in strict liability. Therefore, evidence of subsequent remedial measures is inadmissible in design defect claims, failure to warn claims, and breach of warranty claims brought under either of those theories, unless the evidence is offered to prove ownership, control, feasibility, or impeachment. Evidence of subsequent remedial measures continues to be admissible in manufacturing defect claims and breach of warranty claims brought under the manufacturing defect standard.

**B. Mr. Haase's Alleged Statement.** James Byron Wink, a representative of trailer manufacturer Prestige Trailers, testified in a deposition that Ron Haase, Dutton-Lainson's vice president of engineering, told him the jack pin was lengthened as a result of the accident involving Scott. The district court excluded this statement under rule 5.407. Scott argues the statement is admissible under Iowa Rule of Evidence 5.801(*d*)(2) as an admission by a party-opponent.[6]

A statement is not automatically admissible simply because it is not excluded under the hearsay rule. Non-hearsay may still be excluded based on other rules of evidence, including relevancy under rule 5.402, undue prejudice under rule 5.403, and here, admissibility under rule 5.407. Because the district court properly held evidence of the modified

---

[6]Dutton-Lainson claims this issue was not raised before the district court and therefore is not preserved. This is incorrect. After the district court issued a ruling excluding evidence based on rule 5.407, Scott's attorney argued to the district court that with respect to the deposition testimony he "consider[ed] that to be an admission of a party opponent." The district court responded, "Well, I think what you point out here is a discussion of subsequent remedial measure, which under my ruling would not be admissible."

jack pin was not admissible, Scott could not avoid this ruling by seeking to introduce the evidence as an admission by a party-opponent.

## IV. Conclusion.

Under Iowa Rule of Evidence 5.407, evidence of subsequent remedial measures is not exempt from exclusion in design defect claims because they are not strict liability claims. The district court properly excluded Scott's proffered evidence.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**