# IN THE COURT OF APPEALS OF IOWA

No. 14-1108
Filed May 20, 2015

**PAMELA GIBSON,**
        Plaintiff-Appellant,

**vs.**

**JAY BUCKLEY, DDS,**
        Defendant-Appellee.

_____

        Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


        The plaintiff challenges several evidentiary rulings made during civil jury

trial.  **AFFIRMED.**


        John O. Haraldson of Sellers & Haraldson, Des Moines, for appellant.

        Steven P. Wandro and Michael R. Keller of Wandro & Associates, P.C.,

Des Moines, for appellee.


        Heard by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Appellant Pamela Gibson filed suit against her former employer, dentist Jay Buckley. As relevant here, Gibson alleged Dr. Buckley unlawfully retaliated against her in response to her filing a complaint with the Iowa Dental Board (hereinafter "Board"). The matter was tried before a jury, and the jury returned a verdict in favor of Dr. Buckley. Gibson challenges several evidentiary rulings made during the course of trial.

I.

Dr. Buckley has practiced dentistry in Urbandale, Iowa, since 1982. Gibson worked as a dental assistant for Dr. Buckley from January 1996 through September 12, 2012. Over the course of her employment, Gibson regularly threatened to report Dr. Buckley to the Board for a variety of things. She actually filed a complaint with the Board in July 2012.

The events precipitating the complaint largely are undisputed. Gibson lost the keys to an x-ray machine. Dr. Buckley told Gibson she would have to pay for replacement keys, and he deducted the cost of the replacement keys from her paycheck. Gibson requested a receipt to document that she had paid for the keys. On the top of the receipt she wrote "REPORT TO BOARD." Gibson emailed a complaint to the Board the next day, July 12, 2012. Gibson complained of Dr. Buckley's sanitation practices, treatment recommendations, and his personal attacks against her. She alleged Dr. Buckley reprimanded her if she criticized his practices or treatment recommendations.

In response to Gibson's complaint, on July 24, 2012, the Board sent an investigator on an unannounced visit to Dr. Buckley's office. The investigator discussed Buckley's sanitation practices with Dr. Buckley, Gibson, and another dental assistant.

On August 30, 2012, Dr. Buckley called Gibson into a meeting and placed her on probation. Dr. Buckley noted Gibson had become insubordinate, rude, and ineffective. Dr. Buckley noted Gibson's relationship with other staff members had deteriorated over the years, particularly since Dr. Buckley's wife joined the staff. Dr. Buckley believed Gibson's behavior also caused another employee to quit. As part of the employment action, Dr. Buckley reduced Gibson's hours and wages. He testified the purpose of the probation was to make clear that Gibson needed to change her behavior.

After the meeting, Gibson left the office with her licensing certificate and told Dr. Buckley's wife to hire more people, intimating Gibson was quitting. However, Gibson came back to the office the next week and told Dr. Buckley that her attorney told her to keep her job if Dr. Buckley would let her. Dr. Buckley allowed Gibson to continue her employment. He told Gibson that she was to keep her licensing certificate in the office. Later that week, Dr. Buckley noticed the certificate was missing from the office. Dr. Buckley asked Gibson where her licensing certificate was, and she replied it was in her car. At that time, Dr. Buckley noticed Gibson's pants were too long, her hair was disheveled, and she was wearing flip-flop sandals. Dr. Buckley told Gibson she needed to change

clothes because she was not dressed professionally. She responded rudely, and he terminated her employment.

Gibson filed suit in district court against Buckley on October 3, 2012, for wrongful termination, in violation of two distinct public policies: (1) retaliation for filing a complaint with the Board, in violation of Iowa Code section 272C.8(3); and (2) retaliation for seeking unemployment compensation benefits following the reduction in hours and pay, in violation of Iowa Code chapter 96. During trial, Gibson voluntarily dismissed her claim related to unemployment compensation benefits. In pretrial rulings and during trial, the district court sustained objections to three of Buckley's proposed exhibits. The three excluded exhibits all relate to Board action against Dr. Buckley.

Plaintiff's Exhibit 19 was the Board's Findings of Fact, Conclusions of Law, Decision and Order (hereinafter "Board Findings") filed after the investigation and contested case proceeding conducted in response to Gibson's complaint. The Board Findings was issued on July 2, 2013—after Dr. Buckley terminated Gibson's employment and after Gibson filed this suit. The Board Findings set forth the Board's history with Dr. Buckley, finding it had formally disciplined Dr. Buckley on two prior occasions. With respect to Gibson's complaint, the Board found Dr. Buckley "repeatedly and willfully failed to maintain safety and sanitary conditions in his dental practice." The Board found he "repeatedly and willfully failed to comply with standard precautions for preventing and controlling infectious diseases and managing personnel health and safety concerns related to infection control." The Board found Dr. Buckley did not use proper sterilization

techniques and reused single-use disposable items such as high volume suction ends and saliva ejectors. The Board also found "at times" Dr. Buckley "did not change his gloves between patients." The Board Findings contained credibility determinations, concluding Dr. Buckley's "statements and testimony denying the violations were filled with inconsistencies and self-serving statements." Among other disciplinary actions, the Board fined Dr. Buckley and placed his license on probation for a period of five years. At trial, Dr. Buckley filed a motion in limine to exclude Exhibit 19 on the grounds it was not relevant, was inadmissible prior bad acts evidence excluded by Iowa Rule of Evidence 5.404(b), contained credibility determinations that invaded the province of the jury, was unfairly prejudicial under rule 5.403, and constituted inadmissible hearsay. The district court granted the motion.

Exhibit 20 was a Stipulation and Consent Order (hereinafter "2009 Consent Order") entered between the Board and Dr. Buckely in 2009 that resolved several complaints against Dr. Buckley. Among other things, the 2009 Consent Order shows Dr. Buckley consented to his license being placed on probation for a period of two years and paying a civil penalty. Dr. Buckley moved in limine to exclude the evidence on the grounds the 2009 Consent Order was not relevant, was inadmissible under rule 5.404(b), was inadmissible under rule 5.403, and constituted inadmissible hearsay. The district court granted the motion.

Exhibit 30 was a proposed statement created at the behest of the district court regarding the Board's disciplinary actions against Dr. Buckley. As noted

above, the district court granted Dr. Buckley's motion in limine to exclude Exhibit 19. While not allowing the document into evidence, the district court ruled it would allow the parties to craft a court-approved statement "that there was in fact a finding by the Dental Board against the defendant." The proposed statement provided background regarding the proceedings. It concluded, "On July 2, 2013, the Board found that Jay R. Buckley, D.D.S. failed to maintain safety and sanitary condition in his dental practice and failed to comply with standard precautions for preventing and controlling infectious diseases and managing personnel health and safety concerns related to infection control." After hearing the evidence at trial, the district court realized the Board's disciplinary action taken in response to Gibson's complaint, as documented in Exhibit 19, was not issued until long after Dr. Buckley terminated Gibson's employment. The district court reversed course and concluded the evidence was not relevant and then excluded Exhibit 30.

II.

A.

We begin our analysis with the threshold question of relevancy. The determination of relevancy rests within the sound discretion of the court. We reverse only upon a showing that such discretion has been abused. *See Tratchel v. Essex Group, Inc.*, 452 N.W.2d 171, 178 (Iowa 1990). "To the extent a challenge to a trial court ruling on the admissibility of evidence implicates the interpretation of a rule of evidence, our review is for errors at law." *Scott v. Dutton-Lainson Co.*, 774 N.W.2d 501, 503 (Iowa 2009); *State v. Jordan*, 663 N.W.2d 877, 879 (Iowa 2003). "Error may not be predicated upon a ruling which

admits or excludes evidence unless a substantial right of the party is affected . . . ." Iowa R. Evid. 5.103. "Therefore, reversal is warranted only if exclusion of the evidence affected a party's substantial rights." *Scott*, 774 N.W.2d at 503.

Only relevant evidence is admissible. *See* Iowa R. Evid. 5.402. Irrelevant evidence is inadmissible. *See Graver v. City of Ankeny*, 616 N.W.2d 633, 637 (Iowa 2000). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401; *McClure v. Walgreen Co.*, 613 N.W.2d 225, 235 (Iowa 2000). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Iowa R. Civ. P. 5.401, cmt. Relevance is contextual; it is determined by the issues raised and other evidence introduced analyzed within the framework of the applicable law.

Gibson argues Exhibit 19 and 30 were relevant to establish that her complaint was made in good faith. Iowa Code section 272C.8 (2013) provides certain immunities related to the operation of licensing boards. As relevant here, the Code provides "[a] person shall not be dismissed from employment, and shall not be discriminated against by an employer because the person filed a complaint with a licensing board." Iowa Code § 272C.8(1)(c). Any employer who violates this statutory protection "shall be liable to any person aggrieved for actual and punitive damages plus reasonable attorney fees." Iowa Code § 272C.8(2). The Board of Dentistry is a licensing board within the meaning of

this statute. The statutory text does not require a showing that the complaint be filed in good faith. We thus conclude good faith is not an element of the claim under the circumstances of this case.

The lack of a statutory good faith requirement distinguishes this case from *Teachout v. Forest City Community School District*, 584 N.W.2d 296 (Iowa 1998), upon which Gibson relies. *Teachout* involved the anti-retaliation provision in Iowa's mandatory reporter statute. The statute creating the cause of action explicitly extended protection to a person "'participating in good faith in the making of a report.'" *See Teachout*, 584 N.W.2d at 301 (quoting Iowa Code § 232.67). The anti-retaliation statute at issue in this case lacks similar language. Further, at issue in *Teachout* was whether the employee had engaged in any protected activity because her employment was terminated prior to her filing a formal report; thus whether she had a "good-faith intent to file a report" was at issue. *See id.* We conclude that whether Gibson's complaint was made in good faith is not a fact of consequence under the facts and circumstances of this case.

The instructions given in this case also make good faith irrelevant to the suit. The instructions provided to the jury in this case tracked the statutory language. Jury instruction 11 provided: "[I]owa law . . . states that a person who complains to a governmental licensing authority like the Iowa Dental Board shall not be discriminated against or terminated because they filed such a complaint." The marshalling instruction provided:

> Your verdict must be for Pam Gibson and against Dr. Buckley in regard to the claim described in Jury Instruction No. 11 if all of the

following elements have been proven by the preponderance of the evidence:

First Pam Gibson filed a complaint with the Iowa Dental Board.

Second Dr. Buckley reduced Pam Gibson's hours and wages and/or terminated her.

Third, Pam Gibson's filing of a Dental Board complaint was the determining factor in Dr. Buckley's decision to reduce her hours and pay and/or terminate her.

If any of the above elements have not been proven by the preponderance of the evidence, then your verdict must be for the defendant.

Gibson did not challenge the jury instructions. Therefore, the unchallenged instructions are the applicable law by which we examine relevancy. *See State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009); *Froman v. Perrin*, 213 N.W.2d 684, 689 (Iowa 1973) ("The general rules are well settled. If no objection is taken, the instruction, right or wrong, becomes the law of the case."); *Daneluzzi v. Marriott Int'l, Inc.*, No. 00 CIV. 4819 (AJP), 2001 WL 823658, at *6 (S.D.N.Y. July 20, 2001) ("Because the Court determined the legal standards applicable to this case when it formulated the jury instructions and neither side objected to the jury instructions in the form in which they were given to the jury, under the law of the case doctrine, the Court adheres to the negligence standard set forth in those instructions."). In light of the instructions given, Exhibits 19 and 30 are not relevant to the extent they were offered to establish good faith.

Gibson contends Exhibits 19, 20, and 30 were relevant to establish Dr. Buckley's motive in terminating her employment. Specifically, she posits that the existence of the 2009 Consent Order coupled with the meritorious nature of her complaint would demonstrate Dr. Buckley had motivation to retaliate due to the

risk posed to his license. This seems speculative at best. This is particularly true of the 2009 Consent Order. *See McClure*, 613 N.W.2d at 236 (holding that licensing board consent order not relevant and inadmissible to establish willful and wanton misconduct because the consent order was entered to obtain peace and admitted nothing). The district court did not abuse its discretion in refusing to allow the evidence.

## B.

The district court also concluded the evidence should be excluded pursuant to rule 5.403 as unduly prejudicial even if it had some limited, probative value. Rule 5.403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "We reverse a ruling that the district court makes in the balancing process under rule 403 only if the district court has abused its discretion. And the complaining party has the burden to establish that the district court abused its discretion in its ruling." *McClure*, 613 N.W.2d at 235.

We conclude Gibson failed to establish the district court abused its discretion in its ruling. As discussed above, Exhibits 19, 20, and 30 have little to no probative value to any fact of consequence in this proceeding. The probative value of that evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See Vaughan v. Must, Inc.*, 542 N.W.2d 533, 542 (Iowa 1996) (affirming exclusion of EEOC report made in response to

civil rights complaint on ground that the report invaded the province of the jury); *see also Mills v. United Producers, Inc.*, No. 11-13148-BC, 2012 WL 3870312, at *9 (E.D. Mich. Sept. 6, 2012) ("Plaintiff is correct that it is theoretically possible that Defendant was motivated to terminate Plaintiff's employment because she was alleging that Defendant violated the terms of the consent decision and Defendant wished to quash this allegation. There are no facts, however, suggesting that this actually motivated Defendant's decision. Moreover, even if the Court were to assume that Plaintiff had introduced evidence that this motivated Defendant's decision, there would still be a substantial danger of unfair prejudice."); *Jones v. Cargill, Inc.*, 490 F. Supp. 2d 989, 991-92 (N.D. Iowa 2007) (excluding arbitrator decision in EEOC matter on grounds the evidence was of minimal probative value and unduly prejudicial because the decision was issued after the termination of employment, usurped the jury's role in assessing credibility, and would confuse the issues). It seems fairly clear here that Gibson wanted to introduce into evidence that Dr. Buckley was a dirty dentist—not removing gloves between patients and reusing disposable items on multiple patients without sterilization—to arouse the jury's anger and instinct to punish Dr. Buckley. The district court did not abuse its discretion in refusing the evidence. *See State v. Plaster*, 424 N.W.2d 226, 231 (Iowa 1988) (stating the court should consider whether the evidence "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case").

III.

We have considered each of the parties' respective arguments, whether discussed explicitly herein. For the above-stated reasons, the judgment of the district court is affirmed.

**AFFIRMED.**