# IN THE COURT OF APPEALS OF IOWA

No. 16-0743
Filed February 8, 2017

**WILLIAM A. INTRILIGATOR and LISA H. INTRILIGATOR,**
Plaintiffs-Appellants,

**vs.**

**DAVID R. RAFOTH and JANIE M. RAFOTH,**
Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

William and Lisa Intriligator appeal after the district court entered judgment in favor of David and Janie Rafoth on claims the Rafoths made material misrepresentations regarding the roof of a home they sold to the Intriligators. **AFFIRMED.**

Rebecca A. Feiereisen of Arenson Law Group, P.C., Cedar Rapids, for appellants.

Robert L. Sudmeier of Fuerste, Carew, Juergens & Sudmeier, P.C., Dubuque, for appellees.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

This appeal concerns the 2012 sale of a home from David and Janie Rafoth to William and Lisa Intriligator. After the parties engaged in two unsuccessful attempts to negotiate the sale, the third time was the charm; the sale closed in August 2012. The Intriligators became less charmed by the home itself, however, after its metal roof leaked in 2013 and again in 2014. Attempts to repair the leaks led to the roof's replacement and then to a second replacement when problems persisted.

At the district court level, the Intriligators were self-represented litigants. They filed a petition to recover the damages they incurred from the leaky roof. They alleged the Rafoths violated the statutory disclosure requirements for real estate sales, fraudulently misrepresented the roof's condition, and breached the purchase contract by failing to disclose defects in the roof. The crux of their claims required proof the Rafoths failed to disclose information regarding the roof's condition that they knew or reasonably should have known. After a bench trial, the district court found the Intriligators failed to prove this element of their claims and entered judgment in favor of the Rafoths.

The Intriligators appealed. They claim the trial court erred in making evidentiary rulings and in finding they failed to prove their claims of the alleged statutory violation and breach of contract.

**I. Expert Witness.**

The Intriligators first challenge the trial court's ruling excluding their expert witnesses. We review the trial court's decision on whether to allow expert witness testimony for an abuse of discretion. *See Donovan v. State*, 445 N.W.2d

763, 766 (Iowa 1989). We will not disturb the court's ruling unless it was exercised on a clearly untenable ground or to an extent clearly unreasonable. *See id.*

The trial was originally set to begin in September 2015. For reasons not revealed in the record, a notice of civil trial setting conference was entered on the day the trial was to begin. About a week later, the trial was rescheduled for January 2016. The order rescheduling the trial did not reset discovery deadlines but indicated the deadlines "may be amended, without further leave of court, by filing a Stipulated Amendment to Scheduling Order."

In October 2015, the Intriligators, who had failed to designate any expert witness by the May 2015 deadline provided in the original scheduling order, moved to extend the expert designation deadline to November 22, 2015. The district court "conditionally" denied the motion. In spite of this ruling, on December 16, 2015, the Intriligators moved to designate two expert witnesses. The district court denied the motion on January 7, 2016, stating:

> The trial date was scheduled in mid-September, and trial is now less than two weeks away. . . . Allowing another expert with result in the [Rafoths]' need to depose that expert and perhaps secure a new expert of their own. And it may result in a continuance. The [Intriligators]' request to extend deadlines was denied on 10-14-15. After considering the motion and the resistance, the motion is denied.

The court also denied two motions seeking reconsideration of its ruling.

The district court properly exercised its discretion in excluding the expert witnesses. The Intriligators missed the May 2015 deadline to designate their expert witnesses. Their motion to extend the deadline, filed almost four months after the deadline had passed, was denied. The Intriligators then moved to

designate expert witnesses in December 2015—nearly a month after the date on which they sought to move the deadline to designate their expert witnesses and just one month before trial was scheduled to begin. The court's concerns about the untimely designation causing additional delays were not untenable or unreasonable. Accordingly, we affirm.

## II. Admissibility of Evidence.

The Intriligators next challenge an evidentiary ruling excluding certain evidence from trial. We review any error in the admission of evidence for an abuse of discretion. *See Scott v. Dutton-Lainson Co.*, 774 N.W.2d 501, 503 (Iowa 2009). Reversal is only warranted if exclusion of evidence affected a party's substantial rights. *See id.*

During David Rafoth's cross-examination, the Intriligators attempted to offer evidence concerning the International Residential Building Code. The Rafoths' counsel objected based on a lack of foundation, arguing:

> [The international code has] not been demonstrated to in any way be in force as to this property. It's now being used and about to be read from without any foundation that it represents any sort of industry standard apart from governmental organization enactment of some controlling code, so it shouldn't be—the witness should not be examined from it by a reading of it or the document otherwise used in the examination.

The district court sustained the objection. The Intriligators claim the trial court erred in determining evidence relating to the international code was inadmissible.

Although the Intriligators claim on appeal that "it is clear that the international residential code is, in fact, controlling," they failed to lay any foundational basis for this conclusion at trial. After the district court found there had "been no showing that it has any controlling effect," the court allowed the

Intriligators to make an offer of proof to lay the foundation for its admissibility. That foundation was never established.[1]   Therefore, the trial court was within its discretion to deny the evidence.

### III. Substantial Evidence.

Finally, the Intriligators contend the trial court erred in finding they failed to prove their claims against the Rafoths.  We review the trial court's decision for correction of errors at law.  *See Brokaw v. Winfield-Mt. Union Cmty Sch. Dist.*, 788 N.W.2d 386, 388 (Iowa 2010).  In doing so, we review the evidence in the light most favorable to the trial court's judgment.  *See id.*  The trial court's fact findings have the force of a special verdict and are binding if supported by substantial evidence.  *See id.*  This is also true concerning witness credibility. *See id.* at 394.

The Intriligators claim the Rafoths are liable for their damages because the Rafoths violated the provisions of Iowa Code chapter 558A (2015).  This chapter requires sellers of real estate to provide a disclosure statement that makes good faith disclosures regarding the condition of the property.  *See* Iowa Code § 558A.2-.4.  If the seller of real estate violates the provisions of chapter

---

[1] The Intriligators claim, without citation, that the court should have given them "a measure of procedural slack given their pro se status."  This statement is contrary to clearly established precedent:

> We do not utilize a deferential standard when persons choose to represent themselves.  The law does not judge by two standards, one for lawyers and another for lay persons.  Rather, all are expected to act with equal competence.  If lay persons choose to proceed pro se, they do so at their own risk.

*Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995) (internal citations omitted).  *See also Conkey v. Hoak Motors, Inc.*, 637 N.W.2d 170, 173 (Iowa 2001) ("As a pro se plaintiff, Conkey undertook responsibility for litigating his own cause.  No part of that obligation devolved upon the court."); *In re Estate of DeTar*, 572 N.W.2d 178, 181 (Iowa Ct. App. 1997) ("Substantial departures from appellate procedures cannot be permitted on the basis that a non-lawyer is handling her own appeal.").

558A, the seller is liable to the purchaser for the amount of the purchaser's actual damages if the seller had actual knowledge of the inaccuracy in the disclosure statement or failed to exercise ordinary care in obtaining the information. *See id.* § 558A.6.

The trial court concluded the Intriligators failed to meet their burden of proving the Rafoths violated the provisions of chapter 558A because there was insufficient proof that the issues with the roof existed prior to the home's sale. To the extent there was evidence the defect existed before the home's sale, the court concluded it was insufficient to put the Rafoths on notice of the defect, which would trigger the disclosure requirement. Finally, the court also determined the Intriligators failed to prove the Rafoths' omission of the roof's age on the disclosure statement was a material misrepresentation, noting the Intriligators made their final offer on the home a month after receiving the disclosure statement. The trial court found credible the Rafoths' testimony regarding their lack of knowledge of any problems regarding the roof while they lived in the house and noted the evidence established that the Rafoths were "particular about the way they kept their home," leading the court to conclude that if there had been "any problem similar to those complained of by [the Intriligators], it is not plausible that [the Rafoths] would have abided them rather than having them remedied immediately," especially because David Rafoth "was in the sheet metal business and had connections in the roofing and construction industries."

Substantial evidence supports the district court's findings. Viewing the evidence in the light most favorable to the court's judgment, the Intriligators failed

to prove the Rafoths violated chapter 558A.  Accordingly, we need not entertain the Intriligators' argument regarding the breach-of-contract claim, which necessarily depends on the success of their chapter 558A claim.  We affirm the judgment entered in favor of the Rafoths on both claims.

**AFFIRMED.**