**IN THE COURT OF APPEALS OF IOWA**

No. 16-1454
Filed January 10, 2018

**CHRISTINA HYTEN,**
        Plaintiff-Appellant,

**vs.**

**HNI CORPORATION and THE HON COMPANY L.L.C.,**
        Defendants-Appellees.

_____

        Appeal from the Iowa District Court for Muscatine County, Nancy S. Tabor,

Judge.


        A litigant appeals several rulings on the exclusion of evidence.  **AFFIRMED.**



        Anthony J. Bribriesco, Andrew W. Bribriesco, and William J. Bribriesco of

Bribriesco Law Firm P.L.L.C., Bettendorf, for appellant.

        David T. Bower and Frank B. Harty of Nyemaster Goode, P.C., Des Moines,

for appellees.



        Heard by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.  Tabor, J.,

takes no part.

**MCDONALD, Judge.**

The plaintiff Christina Hyten appeals from an adverse judgment entered against her following a jury trial on her claim she was wrongfully discharged for seeking workers' compensation benefits. On appeal, she challenges three discretionary evidentiary rulings. She contends the district court abused its discretion in excluding evidence concerning the following: (1) the delay in receipt of workers' compensation benefits; (2) the safety of her work assignment following her date of injury; and (3) the company's waiver of a notice defense in the underlying workers' compensation proceeding.

I.

The HON Company, L.L.C., is a subsidiary of HNI Corporation. Hyten commenced work at HON's facility through a temporary staffing agency in March 2013. HON hired her directly on July 1, 2013. Hyten worked at an oak laminate factory as a work cell operator doing various assembly tasks in the flat pack department. Hyten worked second shift from 3:00 p.m. until 11:00 p.m. On July 13, 2013, Hyten allegedly sustained a carpal tunnel injury arising out of her employment. She claims she reported the injury to her Production Team Leader, Rodney Holliday, the same day. He directed her to complete a "HON First Aid Form." Hyten testified she filled out the form and submitted it. Hyten did not obtain the signature of a supervisor as dictated by company policy. Hyten testified no action was taken on her report.

Hyten testified she told others of her injury after the first aid form was not addressed, but she admitted she did not escalate her unaddressed report as required by company policy. Several weeks after submitting the first aid form,

Hyten raised the issue again with Holliday. He recommended some stretches and gave her a splint to wear. She testified she told Production Team Leaders Jim Gibson and Brandon Mathis of the injury. She testified Mathis told her she was "replaceable" if she could not do the job. From the time Hyten filled out the first aid form until January 2014, Hyten did not escalate her report beyond these identified Production Team Leaders.

Hyten's concerns regarding her injury were addressed in January 2014. At that time, Hyten requested she be moved from second shift to first shift for family reasons. Her request was granted. Hyten then reported her prior injury to her new supervisor, Chad Reich. Hyten filled out a first aid form and obtained Reich's signature. At the same time, Reich issued Hyten a "record of coaching" for not immediately notifying him of the injury when she changed shifts. Hyten filed a claim for workers' compensation benefits. She treated with a physician at the end of the month. After several medical appointments, she scheduled a surgery to be performed in March. Hyten testified that, around this time, the factory manager approached her in the parking lot and asked, "When are you going to quit milking it and get back on the line?"

Throughout her employment, Hyten had attendance issues. The company had a written attendance policy. The policy gave each employee nine attendance credits on an annual basis commencing with the date of employment with two "free passes" granted at the beginning of each year. Each unexcused absence counted as a credit. Each tardy or early leave of two hours or more counted as a credit. Each tardy or early leave of less than two hours counted as a half credit. The policy provided the company would terminate employment when the employee

used all nine credits. Hyten did not and does not dispute she used her free passes and nine credits between July 1, 2013 to March 6, 2014. On March 7, the company's Member and Community Relations Manager, a human resources position, met with Hyten's Group Leader and decided to terminate Hyten's employment for violation of the attendance policy. Hyten's employment was terminated on the same date.

Hyten filed this suit against HON and HNI in October 2014. She claimed the companies terminated her employment in violation of public policy for seeking workers' compensation benefits. The matter was tried to a jury over the course of six days. After six days of testimony, having heard tens of witnesses, the jury returned a verdict in favor of the employer.

## II.

The issues raised on appeal are limited. Hyten contends the district court abused its discretion in excluding evidence concerning the following: (1) the delay in receipt of workers' compensation benefits; (2) the safety of her work assignment following her date of injury; and (3) the company's waiver of a notice defense in the underlying workers' compensation proceeding. This court reviews the district court's evidentiary rulings for an abuse of discretion. *See Hall v. Jennie Edmundson Memorial Hosp.*, 812 N.W.2d 681, 685 (Iowa 2012). "We afford the district court wide discretion in evidentiary matters . . . ." *Jensen v. Sattler*, 696 N.W.2d 582, 589 (Iowa 2005). An abuse of discretion occurs when a ruling is "clearly untenable or [based on] unreasonable grounds." *Id.* "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Mercer v. Pittway Corp.*, 616 N.W.2d 602,

612 (Iowa 2000). In conducting our review of the district court's evidentiary rulings, "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected." Iowa R. Evid. 5.103(a); *Scott v. Dutton-Lainson Co.*, 774 N.W.2d 501, 503 (Iowa 2009). Thus, reversal is appropriate only where "exclusion of the evidence affected a party's substantial rights." *Scott*, 774 N.W.2d at 503.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401. Even if evidence is relevant, it may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Iowa R. Evid. 5.403. "Weighing probative value against prejudicial effect 'is not an exact science,' so 'we give a great deal of leeway to the trial judge who must make this judgment call.'" *State v. Putman*, 848 N.W.2d 1, 10 (Iowa 2014) (citation omitted). The district court concluded the evidence was not relevant, but even if it were, the evidence's probative value was substantially outweighed by rule 5.403 considerations.

Under our highly deferential review, we find the district court did not abuse its wide discretion in excluding the proffered evidence. With respect to the first and third categories of evidence regarding delay and notice, the plaintiff asserts in her brief that she made an offer of proof regarding these two issues. "The purpose of an offer of proof is to give the district court a more adequate basis for its evidentiary ruling and to provide a meaningful record for appellate review." *State*

*v. Buchanan*, 800 N.W.2d 743, 752 (Iowa Ct. App. 2011). We have reviewed Hyten's offer of proof, and we find it was severely lacking. Hyten's offer of proof consisted of certain interrogatory answers and the testimony of HNI's former risk manager, Greg Brown. Mr. Brown testified that he did not know anything about the case and was not involved in answering the interrogatories. The interrogatories themselves shed little light on the issue. We cannot conclude the district court abused its discretion in disallowing the evidence when the plaintiff's offer of proof on the issues was wholly inadequate. *See, e.g., State v. Ritenour*, No. 15-0038, 2016 WL 3269551, at *6 (Iowa Ct. App. June 15, 2016) (holding the district court did not abuse its discretion in disallowing evidence "[g]iven the minimal information provided in the offer of proof"); *State v. Wood*, No. 11-1124, 2012 WL 3200868, at *3 (Iowa Ct. App. Aug. 8, 2012) ("In this case, the evidence presented in the offers of proof had such a little amount of relevance, if any, that we have no problem in finding the district court did not abuse its discretion in determining that any probative value was substantially outweighed by the danger of confusion of the issues and misleading the jury.").

Independently, Hyten has failed to demonstrate her substantial rights were affected by the exclusion of any of the evidence. *See Scott*, 774 N.W.2d at 503. As noted above, the offer of proof was wholly deficient with respect to two categories of evidence. With respect to the category of evidence regarding Hyten's change in work assignment after reporting her injury, Hyten was able to testify regarding the retaliatory nature of the assignment. The district court allowed her to testify the assignment was discriminatory and unique to her. Contrary to Hyten's assertions, the district court did not allow HON to present evidence on the safety

conditions related to Hyten's work assignment. Hyten's evidence would have been merely cumulative to her testimony. *See, e.g., Thompson v. City of Des Moines*, 564 N.W.2d 839, 846 (Iowa 1997) (finding no abuse of discretion in disallowing evidence where the evidence was cumulative).

Finally, we note the only issue in this case was whether the employer terminated Hyten's employment in retaliation for her seeking workers' compensation benefits. Hyten does not really dispute that the company terminated her employment pursuant to an established attendance policy. *See Weinzetl v. Ruan Single Source Transp. Co.*, 587 N.W.2d 809, 813 (Iowa 1998) (holding that termination of employment for absenteeism, even when absences are caused by work-related injury, is not in violation of public policy). Hyten's claimed evidentiary errors are thus a mere subterfuge. The defect in this case was the lack of any evidence, even considering the excluded evidence, casting doubt on the employer's legitimate reason for the termination of employment. *See, e.g., Six v. Des Moines Cold Storage*, No. 09-0539, 2010 WL 1577464, at *3 (Iowa Ct. App. Apr. 21, 2010) (holding employer was entitled to judgment as a matter of law where employee was fired for absenteeism); *Weinzetl*, 587 N.W.2d at 813 (holding employer was entitled to judgment as a matter of law where it was not disputed employee was terminated due to absenteeism). The jury sussed this out. We will not disturb the jury's verdict. "The exclusion of evidence which if received, could not have changed the result, is not prejudicial error." *Durant Elevator Co. v. S. J. Hoffman & Sons*, 145 N.W.2d 25, 27 (Iowa 1966).

## III.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**